ALBANY,
January, 1816.

THE PEOPLE
v.
HOLBROOK.

## THE PEOPLE against HOLBROOK.

On the trial of
an indictment,
for stealing a
bankbill, note,
&c., under the
statute, (1 N.
R. L. 174. sess.
24. ch. 88.,) pa-
rol evidence of
the contents of
the bills or notes
stolen, is admis-
sible, without
accounting for
their non-pro-
duction.
Where the in-
dictment stated
that the defend-
ant stole " four
promissory
notes, common-
ly called bank
notes, given for
the sum of 50

THE defendant was indicted, at the general sessions of the peace of *Oneida* county, for stealing bank notes. The indictment stated, " for that, (the defendant,) with force and arms, &c., at, &c., four promissory notes, commonly called bank notes, given for the sum of fifty dollars each, by the *Mechanics' Bank,* in the city of *New-York,* which were, then and there, due and unpaid, of the value of 200 dollars, and four other promissory notes, given by the same bank, for twenty dollars each, which were, then and there, due and unpaid, of the value of eighty dollars, the *goods and chattels* of *Peleg Clark,* then and there being found, feloniously did steal, take and carry away," &c.

dollars each, by the *Mechanics' Bank,* in the city of *New-York,* which were due and unpaid, of the value of 200 dol-
lars, the goods and chattels of P C., then and there found," &c ; it was held a sufficient description, without say-
ing they were the *property* of P. C. The word *chattels,* denotes property and ownership.
It seems, that a bill of exceptions will not lie in a *criminal* case.

Other larcenies of bank notes were also charged, in another count in the indictment, which it is unnecessary to state.

The defendant was tried, and convicted, on the indictment. A *bill of exceptions* was taken, at the trial, to the opinion of the court, overruling an objection to, and admitting, parol evidence of the contents of the notes, without producing the notes, or accounting for their non-production in any way.

The district attorney moving to bring on the argument, on the bill of exceptions, the court intimated a decided opinion, that a bill of exceptions would not lie in a criminal case.(*a*)  It was then agreed, between the counsel for the defendant and the attorney of the people, that the questions arising should be discussed as on a *case* made for the opinion of the court.

*Storrs*, for the defendant, contended, 1. That the indictment was defective in not setting forth the notes more at large, with proper averments of the authority of the bank to issue such notes; so that it might appear that these were valid and existing securities.  This objection, he said, applied to both counts. The act of the legislature, authorizing this corporation to issue notes, gives  authority to issue them only in a particular manner; and it does not appear, from the indictment, that the notes in question were issued according to the statute.  It is necessary that the thing charged to be stolen should be of some value.*

2. The indictment does not state the notes to be the *property* of any person; it merely says, being the *goods and chattels* of P. C.  In *Rex* v. *Sadi and Morris*,† the court, in *England*, held that the word " chattels" might be rejected as surplusage, if the indictment was sufficient in other respects; and, in that case, the words used were "*property* and chattels" of *S.*  Bank notes are mere " *choses in action.*"  Should it be said that this court have decided that bank notes  may be taken in execution, as goods and chattels,‡ yet, it does not follow that they are to be so considered in *criminal* cases.  If they were so, it was idle to pass the statute.

3. The notes or securities  ought to have been produced; or it should have been shown that they were in the possession of the defendant, and could not be produced, before parol evidence

\* *Phipoe's case*, 2 *Leach's Crown Law*, 774. 2 *East's Crown Law*, 599.

† 2 *East's Crown Law*, 601, 662.

‡ *Handy* v. *Dobbin*, 12 *Johns. Rep.* 220. S. P. *Holmes* v. *Nuncaster*, ib. 395.

(*a*) See *M'Nally's Ev.* 325—329.

ALBANY,
January, 1816.

THE PEOPLE
v.
HOLBROOK.
6 St. Tr 58.229.
1 M'Nally's Ev.
348. 351. 353.
355 1 Leach's
Crown Law. Rex
v. Aickles, 330.
332. 335, 336 n.
2 East's Crown
Law, 602.

2 Hawk. P. C.
333. s. 74. Ibid.
322. s. 59.

12 Johns. Rep.
220. 395.

was admitted of their contents. The rule on this subject is the same in criminal as in civil cases.*

*Kirkland,* contra, contended, that the notes were sufficiently described; they are stated to have been made by the *Mechanics' Bank,* of the city of *New-York,* and signed by the president and cashier, and the sums are mentioned. In *Milne's* case,† it was held, that an indictment, stating that the defendant stole "a promissory note for one guinea," was good. All that is required, in such case, is, that there should be convenient certainty in the description.‡

The act, under which the defendant was indicted, (1 *N. R. L.* 174. sess. 24. ch. 88.,) declares, that if any person shall steal any bill of exchange, &c., or other public security, &c., for the payment of money, &c., being the property of any other person, &c., notwithstanding any of the said particulars are, or may be, termed in law a *chose in action,* it shall be deemed a felony, of the same nature and same degree as it would have been if the offender had stolen "any other goods of the like value," &c. It is clear, from the language of the act, that these bills, notes, &c., are to be treated precisely as goods or chattels, in this respect. Besides, this court has expressly recognised the doctrine, that bank notes are goods and chattels, by allowing them to be taken in execution.‖

Parol evidence, in this case, was admissible, for, from the nature of the case, the thing stolen is stated to be in the possession or power of the defendant; and it cannot be necessary to give him notice to produce it. It is not in the power of the prosecutor to produce it, and, if the defendant does not, parol evidence of its contents is admissible.

*Per Curiam.* We are of opinion, that parol evidence of the contents and amount of the notes, charged to have been stolen, was properly received, without accounting for their non-production. It has been repeatedly decided in the courts of common pleas, and king's bench, in *England,* that, in an action of *trover* for bond and notes, no notice to produce the thing sought to be recovered was necessary. (1 *Camp. N. P. Cas.* 143. 3 *B. & P.* 143.) Lord *Ellenborough,* in *How* v. *Hall,* (14 *East,* 274.,) put the decision on this strong and irrefragable ground, that where the form of the action gives the defendant notice to

be prepared to produce the instrument, if necessary, to falsify the plaintiff's evidence, it is not necessary to give the defendant notice to produce the instrument. This reasoning applies with equal force to an indictment for stealing an instrument; it supposes it to be in the hands of the defendant, and he is apprized, by the indictment, to produce it, if necessary, to falsify the proof against him. And Lord *Ellenborough* mentions a case before Justice *Buller*, where parol evidence of the contents of a note was permitted, without notice, upon an indictment.

We think the notes sufficiently set forth; being in the hands of the defendant, it was impracticable to state them *in hæc verba*, and the analogy between *trover* and an indictment for instruments, again arises; a general description is all that is required in *trover. Milne's* case (2 *East's Crown Law*, 602.) warrants this indictment. He was indicted for stealing a promissory note for the payment of one guinea, and, also, one other promissory note for the payment of five guineas; after conviction, a question was reserved for the opinion of the judges, whether the notes were sufficiently described in the indictment; and all the judges held the indictment well laid, and the conviction proper. It is true that *Craven's* case, (2 *East*, 601.,) where the question again arose, was determined differently by all the judges; but we think the former decision more reasonable and sound.

The remaining question is, whether the notes were well described *as the goods and chattels of Peleg Clark*. The statute (1 *R. L.* 174.) enacts, " that if any person shall steal, &c., any bill of exchange, bond, order, warrant, bill, or promissory note, for payment of any money, &c., being the property of any other person, &c., it shall be deemed and construed to be felony, of the same nature, and in the same degree, and in the same manner, as it would have been if the offender had stolen, &c., any other goods of the like value, with the money due on such bill, &c., or secured thereby and remaining unsatisfied, and such offender shall suffer such punishment as he, or she, ought to have done, if such offender had stolen, &c., other goods of the like value as aforesaid."

In the case of *Sadi* v. *Morris*, (2 *East's Crown Law*, 749.,) it was held, by a majority of the judges, to be improper to lay bank notes to be *chattels*; and the statute of 2 *Geo.* II. c. 25., is like our statute. The dissentient judges thought that the statute

having made it felony to steal bank notes, in like manner as if the party had stolen goods of the like value, the receivers of such property stood in the like predicament as the receivers of other goods and chattels; and *East* considers the opinion in *Sadi* and *Morris's* case as shaken, by the resolution of all the judges in *Dean's* case, and other cases, wherein bank notes, by the operation of the statute of 2 *Geo.* II., were holden to be within the statute of *Anne,* against stealing money, goods, &c.

*Blackstone*, (2 *Com.* 385.,) says, " that things personal, by our law, not only include things moveable, but also something more; the whole of which is comprehended under the general name of *chattels*, which Sir *Edward Coke* says, is a *French* word, signifying goods. " In the *grand coustumier* of *Normandy*, (he observes,) a *chattel* is described as a mere moveable, but at the same time is set in opposition to a *fief* or *feud*, so that not only goods, but whatever was not a feud, were accounted chattels; and it is in this latter more extended negative sense, that our law adopts it; the idea of goods, or moveables only, being not sufficiently comprehensive to take in every thing that the law considers as a chattel interest."

We are of the opinion that, since the statute, it is sufficient to lay in an indictment that the notes or instruments, mentioned in the statute, are the goods and chattels of any person who is entitled to them; and that the word *chattels* denotes and signifies, when applied as in this case, property and ownership; and that, consequently, the conviction is right.