## BISSEL *against* DRAKE.

In an action of *trover* for a promissory note, it is not necessary to give notice to the defendant to produce the note alleged to be converted. If the note is shown to be in the possession of the defendant, or under his control, the action is notice.

Where the defendant had left the note with an attorney, a demand of an order on the attorney, for the note, and a refusal by the defendant to give such order, contrary to his duty, is sufficient evidence of a conversion.

Where the note was described in the declaration as for 180 dollars, and the note, proved to be in the possession of the defendant, was for 300 dollars, the variance was held fatal.

Though the declaration alleged that the note in question was to pay to the plaintiff or his order, " a certain sum of money, *to wit,* the sum of one hundred and eighty dollars, this *videlicet* does not dispense with proof of the precise sum as alleged.

If the plaintiff cannot state the precise amount of the note, of which he is dispossessed, he may state that the note was of a great value, *to wit,* of the value of a certain sum.

TROVER for promissory notes. The declaration described the note, as follows : " one promissory note in writing made and drawn by one *Francis Carlisle,* whereby the said *F. C.* promised to pay to (the plaintiff) *John D. Bissel,* or his order, a certain sum of money, to wit, the sum of one hundred and eighty dollars, at a certain time therein mentioned, now past. *Five* other notes were described in the same manner, each for 180 dollars, three of which were stated to be payable on demand.

At the trial, *J.* a witness for the plaintiff, testified, that in the summer of 1815, the plaintiff delivered him a note of *Francis Carlisle,* who lived at *Kingston,* in *Canada,* for collection. The note, on its face, was for three hundred dollars, or more, and the balance due was 170 or 180 dollars, including interest to that time. The witness went to *K.* and gave the note to the defendant at *K.* to whom he was indebted, to collect and apply the money to the witness' debt, and he would pay the plaintiff; and directed that if the defendant could not collect the note, to leave it with an

attorney at *K.* for collection. The witness stated that the defendant afterwards informed him that he had delivered the note to an attorney at *K.* for collection. That the witness took a receipt from the defendant for the note, which he afterwards delivered to the plaintiff, and took up his own receipt; that he told the defendant, at the time, that the note belonged to the plaintiff, who had authorized him to deliver it to an attorney, in case he did not collect it himself. The witness did not know, whether the note had ever been collected. The plaintiff was then offered as a witness, to prove the loss of the receipt of the defendant, delivered to him, by *J.* the witness; but the defendant's counsel objected to his being examined, and also to any proofs of the contents of the note declared upon, without previous notice to the defendant to produce the note: both objections were overruled by the judge.

*Benedict,* a witness for the plaintiff, testified that in *July,* 1819, he was present at *C.,* when the plaintiff demanded an order from the defendant for the note in question; when the defendant admitted that he received the note of *J.* to collect, and apply the money to a debt against *J.* and that he had left the note with an attorney at *K.* for collection; and he had heard by one *N. M.* that the money had been collected. The defendant, after consulting with an attorney, told the plaintiff, that he should do nothing about the matter.

The defendant's counsel then moved for a nonsuit: 1. Because of the variance between the note described in the declaration, and the one proved: 2. Because there was no evidence of a conversion. But the judge overruled the motion. The defendant then produced a witness, who stated that the note delivered by *J.* to the defendant, was for 300 dollars, payable to the plaintiff or bearer, and that *J.* told the defendant, that he received the note of *F.* and *W.* of *Onondaga.* That when the defendant received the money, he was to endorse it on *J.*'s note to him. The judge left it to the jury to find whether the defendant knew, at the time he received the note, that it belonged to the plaintiff. The jury found a verdict for the plaintiff for 239 dollars and 50 cents, subject to the opinion of the Court, on the other points in the cause.

NEW-YORK,
May, 1821.

BISSEL
v
DRAKE.

The case was submitted to the Court without argument.

*Per Curiam.* It was not necessary to give the defendant notice to produce the note alleged to be converted. If it was in his possession, or under his control, the action was notice. (*The People* v. *Holbrook*, 13 *Johns. Rep.* 90.) The verdict is not against the weight of evidence; two witnesses contradicted each other, and the jury have believed the plaintiff's witness.

A refusal to give an order for the note, contrary to the defendant's duty, was, in effect, a conversion of the note. It was a claim of dominion over it, under the circumstances of the case, and was evidence of a conversion, according to the doctrine in *Bristol* v. *Birt.* (7 *Johns. Rep.* 258.)

But the variance between the note declared on, and the one proved to have been converted, is fatal. The declaration states the note to be for 180 dollars, and it appeared in evidence to be a note for 300 dollars. The amount of the note was material; and it being laid under a *videlicet*, will not, in such case, dispense with strict proof of the allegation. (1 *Chitty's Pl.* 308. 6 *Term Rep.* 46. *Bull. N. P.* 37. 2 *Esp. N. P.* 200. 3 *Selwyn's N. P.* 1165.) The authorities show, that the variance between the note alleged, and the note proved, was material and fatal. Where the party is incapable of stating the date and amount of a note, of which he is dispossessed, the law will not require him to make such statement; it will be satisfied by an allegation, that the note is of great value, to wit, of the value of a certain sum. But here the plaintiff has undertaken to state the precise amount for which the note was given, and his proof does not correspond with the statement.

New trial granted.