The State *v.* Hickman.

## THE STATE *v.* SAMUEL HICKMAN.

### ON INDICTMENT.

1. In an indictment upon the 40*th Section* of the "act for the punishment of crimes, (*Rev. Laws* 254,) for stealing *a voucher*, an allegation that the instrument stolen is a "voucher" is a sufficient averment of its validity, and imposes on the prosecution all such consequences, and gives the defendant all such advantages as may legally result if it should appear false and spurious.

2. An express averment that the instrument is subsisting or remains unsatisfied is not required in an indictment founded upon the 40*th Section* of the "act for the punishment of crimes, (*Rev. Laws* 254.")

3. A variance between the language of the statute, creating the offence and the indictment will not vitiate the indictment if the words used in the indictment are eqivalent to those of the statute.

4. The liability of the drawer of the voucher or instrument stolen, when sufficiently shewn (See the indictment.)

5. A voucher is any instrument which attests, warrants, maintains, bears witness.

6. To induce the court to quash an indictment for a defect in the caption, the defect must be of a clear and decisive character.

This indictment was found in the Court of Oyer and Terminer of the county of Cumberland, and removed into this court by certiorari.

*W. Halsted*, of counsel with the defendant moved to quash and took exceptions to each of the five counts which it contained. As the opinion of the court was confined to the fourth count—no more of the case is here presented. That count is as follows: "And the jurors aforesaid, upon their oath and affirmation aforesaid, do further present that the said Samuel Hickman afterwards, to wit, on the said thirteenth day of May, in the year of our Lord, one thousand eight hundred and twenty-five, at the township of Downe aforesaid, with force and arms feloniously did steal, take and carry away, one voucher of the value of fifty dollars the property of Robert Lake, in the words, letters and figures following, viz :"

"Davis Wharf, April 18, 1825. Captain Robert Lake landed 22½ cords of oak wood, and ¼ cord of pine wood, all left for sale. To cash paid Robert Lake on account $25.00.

SAMUEL DAVIS."

" Which said voucher purported to be and was a voucher under the hand of one Samuel Davis, that the said Robert Lake had landed at Davis' wharf twenty-two and a half cords of oak wood, and one-fourth of a cord of pine wood to be sold by the said Samuel Davis for the said Robert Lake, and that the said Samuel Davis had paid to the said Robert Lake, twenty-five dollars on account thereof, the said Samuel Davis being then, to wit, at the time of com-

24

mitting the misdemeanor aforesaid accountable to the said Robert Lake for the proceeds of the said wood over and above the said sum of twenty-five dollars so paid on account thereof, against the form " &c.   To this count, *Halsted* made the following exceptions.

1. The instrument of writing charged to have been stolen is not alleged to have been valid, and subsisting.   3 *Chitty*, 969.

2. The instrument is charged to be *the property of* Robert Lake—the statute *Rev. Laws*, 254, *Sect.* 40, on which the indictment is founded says if any person shall steal, &c., any letters patent, &c., *of or belonging to another*, &c., the words of the statute should have been strictly pursued, 2 *East. C. L.* 652, *The State* v. *Gibbons*, 1 *South.* 50, 1 *Starkie*, 104.

` 3. The liability of Davis is not shewn. He was not liable until sale and no sale is averred.   Nor is time or place alleged as to the matters set forth in the latter part of the count.   1 *Chit. C. L.* 181, (220) 162 (197.)

4. The instrument is wrongfully styled " a voucher."

5. The caption is defective.   It states that the Grand Jury presented that the bills thereunto annexed are true bills—not individually, that this bill is a true bill—or in the usual form that the Grand Jury presented as follows, to wit, &c.   1 *South.* 46.

*L. Q. C. Elmer*, (prosecuting attorney for Cumberland) answered the exceptions.   He read 1 *Chitty*, 249 (303)—2 *East. C. L.* 601, 602, 13 *John.* 90, 1 *Binney* 201—and stated that no application had been made to amend the caption because he had understood from the attorney of the defendant that no objection would be raised to it.

By THE COURT.—The motion to quash the indictment cannot prevail if it contain one good count, and as in our opinion, the exceptions taken to the fourth count are not sustained, the present application is overruled, without any decision as to the points raised on the other counts.

1. The allegation that the writing in question is a voucher is a sufficient averment of its validity—and imposes on the prosecution all such consequences, and gives the defendant all such advantages as may legally result if it should appear to be false and spurious.

2. An express averment that the instrument is subsisting or remains unsatisfied is not required. In indictments founded on the 39th *Section*, it may be found, induced, perhaps, by the expression "secured thereby and remained unsatisfied," but no similar expression is contained in the 40th *Section*.

3. The variance between "of or belonging to," and "the property of" is immaterial. The rule correctly laid down in 1 *South.* 50, relates to the manner in which the offence may be described. But in the present particular, equivalent words may, as here, be used. 13 *John.* 90.

4. The liability of Davis need not be farther shewn than is done by the indictment. The precedents in *Chitty* and *Archbold* for larceny of promissory notes, bank notes and bills of exchange, under the English statute are much less specific—not even stating by whom the note or bill was made, *Archb. C. L.* 19, *Richards'* case 1 *Mass. Rep.* 336. The averments toward the close of the count are not material, and the rule respecting time and place does not, therefore, reach them.

5. The instrument is correctly styled "a voucher." It attests, warrants, maintains, bears witness.

6. From the fact stated by the prosecuting attorney the court are not inclined to admit the objection against the caption. If we were, there is nothing in it of that clear and decisive character which would induce the court to quash. There is sufficient in the return made to the certiorari, to shew that the present indictment is one of those in the schedule annexed to the general caption signed by the foreman of the Grand Jury, of which this is a copy.