### IN THE

## SUPERIOR COURT OF JUDICATURE.

### FOR THE

## COUNTY OF HILLSBOROUGH, FEBRUARY TERM,

## A. D. 1831.

## SOLOMON McNIEL *versus* WILLIAM McCLINTOCK.

The testimony of a party in a cause may be received to prove to the court the loss of a deed, in order to lay a foundation for the introduction of secondary evidence to prove the contents of the deed.

THIS was an action of covenant broken, in which the plaintiff alleged that the defendant, by his deed, dated the 21st February, 1820, conveyed to the plaintiff a tract of land in Washington, and by the same deed covenanted with the plaintiff that he was lawfully seized in fee of the premises, and that the same premises were free from all incumbrances.

The alleged breach of the covenants was, that one Daniel McClintock, on the 31st December, 1811, was lawfully seized of the said premises, having a good right and perfect title to the same, and that on the 21st February, 1820, the defendant disseized the said Daniel, and at the time of executing the said deed to the plaintiff,

had not, and never had, any title to the premises, but by the said disseizin, so that the right of the said Daniel to have the land was an incumbrance.

The defendant, in his plea, alleged, that on the 1st February, 1815, the said Daniel McClintock, being seized, by deed, which had been lost by time and accident, conveyed the premises to the defendant in fee, and traversed the disseizin of the said Daniel by the defendant. And issue was joined upon the traverse.

There was another plea, in substance, the same as the first, with this difference only, that the deed in the last plea was alleged to be in the hands of the plaintiff as an excuse for the want of a profert. The issue joined between the parties was the same as the issue above stated.

The cause was tried at September term, 1830.

It having been shown, by the defendant, that a deed was given to him by Daniel McClintock, the court received the testimony of the defendant, that the same deed went into the hands of the plaintiff when the defendant conveyed the land to the plaintiff. The defendant stated that before he gave the deed conveying the land to the plaintiff, he delivered to the plaintiff the said deed of Daniel McClintock, to enable the plaintiff to make out a deed to be executed by the defendant, and that when the defendant executed the deed, the plaintiff retained Daniel's deed for the purpose of procuring it to be recorded ; that he afterwards saw Daniel's deed in the defendant's store, but had not been able to obtain it from the plaintiff.

The plaintiff, being also admitted to testify, stated that no such deed was ever delivered to him, nor to his recollection ever seen by him.

The court being satisfied that the deed was either in the hands of the plaintiff, or lost, permitted the defendant to prove the contents of the deed by parol evidence.

It appeared that the same deed was never recorded.

The only question submitted to the jury was, whether there existed, before the 21st February, 1820, a deed from Daniel McClintock conveying the land to the defendant. The jury having found that there was such a deed, a verdict was entered for the defendant, subject to the opinion of the court upon the foregoing case.

*E. Parker*, for the plaintiff.

*Pierce*, for the defendant.

*By the court.* It is made a question in this case, whether, when the loss of a paper is to be proved to the court, in order to lay a foundation for the introduction of secondary evidence as to its contents, the testimony of the party himself is admissible to prove the loss.

The excuse alleged by a party for the omission of a profert, may be traversed; and when that is the case, and the excuse alleged is the loss of the deed, no doubt is entertained that the loss must be proved to the jury, in the same manner that any other fact is to be proved. But in such a case, proof of a *bona fide* and diligent search in all the places where the instrument is likely to be found, without success, is sufficient. 1 Starkie's Ev. 349.

But when the loss of an instrument is to be shown to the court in order to lay a foundation for introducing secondary evidence of its contents, it has always been the practice in this state to receive the testimony of the party as to the loss. In many cases, such testimony is much more satisfactory than any evidence of search that can be adduced. And this practice has the direct sanction of the supreme court of the United States, and of some of the most respectable state courts in the Union, and prevails, we have no doubt, in most of the states. 1 Peter's S. C. Rep. 591, *Taylor* v. *Riggs*; 16 Johns. 193, *Jackson* v. *Frier*; 8 Pick. 278; 3 ditto, 287; 1 Starkie's Ev. 350, note; 7 Pick. 62, *Adams* v. *Leland*.

*Judgment on the verdict.*