## LORENZO EWELL *vs.* GEORGE GILLIS.

In trover for a note, where an unnecessarily particular description of it is given in the declaration, an entire failure of any proof, as to such needless averments, will not defeat the action.

But if there had been proof in relation to them, and a variance between the declaration and the proof had appeared, such variance would have been fatal to the action.

In such action, proof that the defendant received the note from the plaintiff and promised to collect it for him, is *prima facie* evidence of the plaintiff's ownership.

This was an action of *trover* for a note, the writ being dated *Sept.* 9, 1834. The declaration described the note alleged to have been converted by the defendant, as a " certain promissory note in writing, made and drawn by *Rufus Hodgdon* and *Ivory Jefferds,* dated at said *Milford,* in the month of *March,* 1833, whereby the .said *Hodgdon* and *Jefferds* promised to pay one *Nathan Winslow,* or order, the sum of eighty dollars and interest from date in six months, on the back of which was the receipt of twelve dollars in the month of *October,* 1833."

For the plaintiff, *Hezekiah Hill* testified, that about two years ago, he and the plaintiff went to the defendant's house, and the defendant asked the plaintiff, if he had such a note, and whether he did not want him to collect it for him ; that the plaintiff replied, he should be glad if he would, and that if he would, he should have $5 or $10 for his trouble ; that thereupon the plaintiff took the note out of his pocket book, and handed it to the defendant, who read it in his hearing, and it was a note for about $80 or $90, signed by *Hodgdon* and *Jefferds,* and payable to *Nathan Winslow,* but the date, when payable, or whether on interest or not, he did not recollect. The witness further stated, that the plaintiff left the note with the defendant. *Parlin F. Hildrith* testified, that in *August* or *September,* 1834, he went with the plaintiff from the office of the attorney who brought this suit, to the defendant's house ; that they there met him, and the plaintiff said in his hearing to the defendant, " I want the note I left with you to collect, that *Nathan Winslow* let me have ;" that the defendant replied, " that he did not know where the note was ; he did not know but he had lost it ; that it might be among his papers, that he would try to find it, and

Ewell *v.* Gillis.

if he did, he would return it, as he had not collected it." The foregoing was the only evidence in the case. The counsel for the defendant requested the Judge to instruct the jury, that the plaintiff had failed to prove the existence of any such note, as is set forth in his declaration; that the plaintiff's neglect to call either of the parties to said note, by whom its existence and contents could have been more distinctly proved, afforded a legal presumption, that if called, their testimony would have been unfavorable to the plaintiff; that the plaintiff had failed to prove property in himself sufficient to maintain the action; and that there was not sufficient evidence of a conversion of said note by the defendant. The counsel for the defendant, in opening the defence, stated, that he expected the plaintiff would have called *Nathan Winslow*, and was disappointed that he had not; that in truth the note was *Winslow's* property, and the defendant had settled with him. The counsel for the plaintiff, in his argument, urged that it was in the defendant's power to have called *Winslow*, and that his non-production operated as much against the defendant as the plaintiff. The Chief Justice, presiding at the trial, instructed the jury, that whether the plaintiff had proved, that the defendant received from him such a note as is described in the declaration, they would determine from the evidence; that possession of the note by the plaintiff and the proffer of the defendant to collect it for him, was evidence of property in the plaintiff to be submitted to their consideration, and it would be for them to judge how far it was satisfactory, and how far upon either of these points the failure of the plaintiff to call the parties to the note ought to bear to his prejudice; and that it had been insisted by the counsel for the plaintiff, that it ought to conclude as much against the defendant as the plaintiff, that *Nathan Winslow* was not produced; that the plaintiff had taken a witness and gone to the defendant's house to make a formal demand upon him; that it was known to every lawyer, and to many who were not lawyers, that in actions of trover, where there was no other evidence of conversion, than a demand and refusal, that such demand and refusal should precede the action, and that they would apply their experience and judgment of the motives and conduct of men, under such circumstances, in determining from the evidence, whether the demand preceded the action; that if the plaintiff had satisfied

them, that the defendant had received from him such a note, as is set forth in his declaration ; that it was the plaintiff's property ; and that the defendant had converted it to his own use ; the action was maintained, otherwise their verdict would be for the defendant. The jury returned their verdict for the plaintiff. If not properly instructed, the verdict is to be set aside, and a new trial granted ; otherwise, judgment was to be rendered thereon, unless the same should be set aside as a verdict against evidence, according to the defendant's motion on file.

*Rogers,* for the defendant, argued in support of the several positions taken at the trial ; and cited 3 *Stark. Ev.* 1491 ; *Wilson* v. *Chambers, Cro. Car.* 262 ; 15 *Petersdorf's ab.* 197 *and note ; Bissell* v. *Drake,* 19 *Johns.* 66 ; 1 *Stark. Ev.* 514 ; 1 *Stark. Ev.* 1497 ; *Storm* v. *Livingston,* 6 *John. R.* 44.

*J. Appleton,* for the plaintiff, argued :

1. That the evidence was sufficient to prove property of the note in the plaintiff ; and that if it were not, that the defendant, having received it from the plaintiff, and showing no title to it under any other person, is estopped to deny the plaintiff's title. 7 *Bing.* 339 ; 3 *Esp. R.* 115 ; 2 *Barn. & C.* 540.

2. The evidence was sufficient to prove the identity of the note. It is not a case of variance, where the facts stated in the declaration must be proved, but merely whether we proved enough of particular description of the note to enable the jury to find it to be the same. The defendant, having been proved to have the note in his possession, should have produced it, and he cannot now object to any variance. 6 *Serg. & R.* 154 ; 1 *Day,* 100 ; 1 *Binney,* 273 ; 4 *M. & S.* 532.

3. The evidence was sufficient to prove a conversion. 9 *Conn. R.* 309 ; 2 *Stark. Ev.* 48 ; 3 *Mason,* 383 ; 2 *Johns. Ch. R.* 62 ;

After a continuance, *nisi,* the opinion of the Court was drawn up by

WESTON C. J. — The authorities cited on both sides, establish the position, that where trover is brought for a bond, or other instrument in writing, a very general description of it only is required to be averred and proved. This requirement would have been sufficiently satisfied, by setting forth and proving that the note in

controversy was valuable, that it was signed by *Hodgdon* and *Jefferds*, and made payable to *Nathan Winslow.* So much was done. But the declaration further describes the amount of the note, for what period it was given, and that it was payable to *Winslow* or order, with interest. It also avers, that there was an indorsement on the note, stating the time and the amount. Of these averments there was no proof whatever, except, perhaps, as to the amount of the note, the testimony upon this point, although not precise, having some tendency to prove that averment, or if not, not being necessarily inconsistent with it.

And the question is, whether the plaintiff having, as it respects the subject matter of the suit, averred and proved all that is legally required of him to maintain his action, is to be defeated, because he fails in proof of other more particular averments, unnecessarily introduced. The origin of the opinion, that such proof is necessary, is to be found in the case of *Wilson* v. *Chambers, Cro. Car.* 262. It was error on a judgment in the Common Pleas, in an action of trover for a bond of one hundred pounds, conditioned to pay fifty. It was assigned for error, that no date of the bond was mentioned, but the Court held the error not well assigned, for the bond being lost and converted, the plaintiff might not recollect its date ; and if he had misrecited it, it would have occasioned the failure of his suit.

In *Bissel* v. *Drake,* 19 *Johns.* 66, there was a variance between the averment and proof in the description of the note, which was held to be fatal. And if an entire failure of proof in such particulars, unnecessarily averred, is to have the same effect, the plaintiff is not entitled to retain his verdict. But it appears to us that there is a manifest difference between a failure, and a variance in proof. By the latter, the identity is disproved ; by the former, the force of what is proved remains unimpaired. It is hazardous, as stated by the Court, in the case from *Croke*, to attempt to describe particularly a written instrument from memory, because, if misrecited, the action is defeated. But it would seem, that before such a result is to follow, such misrecital should be made to appear. The defendant has it in his power to make it appear, by the production of the instrument ; hence the danger of a particular description. An action of trover for an instrument, is a very different thing from an

action of assumpsit on the same instrument.  The plaintiff proved, that he delivered to the defendant a note, signed by *Hodgdon* and *Jefferds,* payable to *Nathan Winslow ;* and he introduced proof also as to its value.  This was sufficient to maintain the action, if he also proved that the defendant, without right, converted that note to his own use.  And the force of that proof is not at all weakened by his failing to prove other particulars, unnecessarily averred in the declaration.  And we are not satisfied, that this objection ought to prevail.

The witness, called by the plaintiff, was as competent to prove the existence and general description of the note, as one of the parties.  He saw it, and heard it read.  A party might have had its contents more perfectly in recollection ; but his testimony would not have been evidence of a higher character.  Each side endeavored to take advantage of the non-production of a party to the note ; and the Judge in summing up, stated the argument of each, leaving it to the jury to determine how far any inference was to be drawn from that circumstance, to the prejudice either of the plaintiff or the defendant.

The defendant received the note from the plaintiff, and promised to collect it for his use.  This was evidence of property in the plaintiff; and there was nothing to disprove it.

The witness could not recollect the precise day of the demand. It was either in *August* or *September.*  He went from the office of the attorney, who brought the action, with the plaintiff to witness the demand.  We think there can be no reasonable doubt, that this was done with a view to the action ; and that the jury were therefore well warranted in the conclusion, that it was prior to the suit, which was instituted on the ninth day of *September.*

The note was not redelivered to the plaintiff, upon his demand. This was evidence of a conversion, proper to be submitted to the jury.  The defendant said he had not collected the note, he might have lost it, it might be among his papers, and he would try to find and return it.  All this went to the jury ; but they were not bound to believe it all.  *Hart* v. *Ten Eyck,* 2 *Johns. Ch. R.* 90 ; *Roe* v. *Furors,* 2 *Bos. & Pull.* 548.  His counsel, in opening his defence, had stated, that the note was *Winslow's* property, and that the defendant had settled with him.

Upon the whole, we cannot perceive, either that the jury were erroneously instructed, or that the verdict is against the weight of evidence.

*Judgment on the verdict.*