## NEALLEY *v.* GREENOUGH.

The evidence of a party to the suit, that an original paper is in the hands of the adverse party, is sufficient to admit secondary evidence.

Notice to produce an original paper is not required, where the form of the action or of the pleadings is such as to give notice that its production will be necessary to contradict the secondary proof of the other side, if incorrect.

Nor where the party has obtained possession of the paper by fraud.

An express admission of the justice of a claim, of the grounds of which the party is fully aware, is evidence of every fact necessary to support that claim.

An implied admission of the same kind is evidence, more or less strong, to the same points.

Imprisonment by virtue of legal process, used in a proper manner, and only for a lawful purpose, is no duress.

ASSUMPSIT. In the first count, it is alleged that one N. Wadleigh, on 1st March, 1850, drew his order in writing, of that date, under his hand, directed to the defendant, requesting him to pay to the plaintiff, on demand, the sum of $20, and that on the same day the plaintiff presented the said order to the defendant, who then accepted the same, and promised to pay the plaintiff the amount thereof, &c.

The second count is for $30, money had and received by the defendant to the plaintiff's use, money lent and advanced to, and paid, laid out and expended for the defendant

by the plaintiff, and for interest on divers sums of money, due and owing from the defendant to the plaintiff.

Upon the trial, upon the general issue, the plaintiff offered to the court his own affidavit, of which the following is a copy :

" I, John F. Nealley, depose and say, that I have not in my possession the order, mentioned in the declaration in the suit, now pending in my name, against John C. Greenough, in the Merrimack C. C. Pleas. It was retained by said Greenough at the time I presented it to him, and I have not seen it since."

This was adjudged satisfactory to account for not producing the order on trial, and the plaintiff then introduced as witnesses, Henry P. Rolfe and John Pettengill, and no other testimony.

Rolfe testified that about a month or six weeks ago, and since the commencement of this suit, he was employed by the bail of the defendant on the writ in this case to go to New York, and bring back the defendant into this State ; that having with him a copy of this writ, and the other necessary papers to give him authority to bring back the defendant on account of his bail, he showed the papers to the defendant in New York, and read to him, as the witness expressed it, the bail-piece ; that the defendant remarked that he was surprised that this claim had not been paid, and that he meant to have sent on the money to pay it. And this witness testified that he did not have any talk with the defendant about the order.

Pettengill testified that he was the officer who made the service of the writ in this case upon the defendant, by an arrest of his body ; that the defendant then knew what the claim was in the case, the writ being shown to him, and that he made no objection to the claim ; that the witness had other demands in his hands against the defendant, and that the defendant said he would settle all of them, but said nothing about the order.

The court, being inclined to the opinion that this evidence was insufficient to make out the plaintiff's case, the cause was by consent taken from the jury, and a nonsuit entered, subject to the opinion of the superior court; the nonsuit to stand, or the cause to be tried by the jury, according to the opinion of the court.

*Pierce & Minot*, for the plaintiff, now move that the nonsuit may be set aside.

*Dana*, for the defendant.

All claim on the part of the plaintiff to maintain this action arises from the alleged acceptance of the order by the defendant. This is the sole foundation for both counts. We contend that the plaintiff cannot prevail, because—

I. An acceptance must be positively *proved.* " The bill or note and the allegations respecting it must be proved as described in the declaration, in terms or in substance, whoever may be the defendant; and any material variance will be fatal." Chitty on Bills, 615. " In an action against the acceptor of a bill, it must be proved that the defendant accepted the bill." Ib. 617. " If the acceptance was by parol, the person who heard it must be called." 2 Greenl. Ev. 159.

II. A *parol* acceptance must be explicit. " It must import a direct and positive engagement to accept or to pay." Ch. on Bills, 319. " A verbal acceptance of a bill is sufficient, but the words from which such acceptance is to be inferred, must not be equivocal." *Walker* v. *Lide*, 1 Rich. 249, cited 4 U. S. Dig. 292. " There is your bill, take it; it's all right," is no acceptance. *Powell* v. *Jones*, 1 Esp. Ca. 17. The answer of a merchant, that " he would honor a bill," is no acceptance, unless accompanied with other circumstances, which may induce a third person to take it by indorsement. Cowp. 573.

III. No language used to a *third* person, who is not a party to the bill, or his agent for the *purpose*, although it

might otherwise import a verbal acceptance thereof, will be obligatory as such. Story on Bills, 293. Thus, if a drawee say to such third person, " I must accept and pay the bill," or " I shall have to accept and pay it," it would not be an acceptance. Ib. 294, and authorities there cited.

IV. Verbal admissions always " ought to be received with great caution." 1 Greenl. Ev. 233. So great is the liability to mistake or fraud in verbal acceptances, that their competency to charge the acceptor has been much regretted. Lord *Kenyon,* in *Johnson* v. *Callings,* 1 East 103 ; Lord *Ellenborough,* in *Clark* v. *Cock,* 4 East 67.

By the act of 1 and 2, George IV. it was enacted, " that from and after the 1st day of August, 1821, no acceptance of any inland bill of exchange shall be sufficient to charge any person, unless such acceptance shall be in writing on such bill." This or a similar provision was afterwards extended to Ireland, and its substance is incorporated into the Revised Statutes of New York and the laws of Missouri. In France, all acceptances must be in writing, and signed. Chitty on Bills, 317.

V. Admissions by a party, while under *duress,* are not to be weighed against him. A defendant, while arrested, said to the plaintiff, that " it was true the note had his name on it, but that he had security, though he wished time to pay it." Lord *Kenyon* decided that when a person is arrested, and at the time is ignorant of his rights, or whether he is bound by law to pay the demand or not, and under such circumstances makes any confession, and seemingly admits the demand, such admission shall not be allowed to be given in evidence against him." *Ranse* v. *Redwood,* 1 Esp. Rep. 155.

It may be doubted if the arrest by Rolfe with a *bail-piece* was a legal arrest.

VI. The alleged admissions of the defendant are consistent with his acknowledged obligations to other parties. It is not denied that the defendant considers himself as still

indebted to the drawer of the order, though to an amount much less than twenty dollars. The undue amount of the order constituted a sufficient reason for not accepting and paying it.

VII. The mere keeping of a bill will not be held to amount to an acceptance. *Mason* v. *Barf*, 2 B. & A. 26, as cited in Story on Bills, 293. Especially should this be the case where the holder leaves the bill by design or accident upon the premises of the drawee. " The mere retention of a bill for an unreasonable time, will not amount to an acceptance." Chitty on Bills, 324.

BELL, J. It is settled here that a party to a cause is a competent witness to prove the loss or destruction of an original paper, in order to the introduction of secondary evidence of the contents of the paper. *Neil* v. *McClintock*, 5 N. H. Rep. 355; *Woods* v. *Gassett*, 11 N. H. Rep. 442. Upon the same principle, there can be no doubt that the affidavit of a party is competent to show that such paper is in the hands of the adverse party. That fact is sufficient to account for the absence of the original paper. If the paper is shown to be lost or destroyed, the secondary evidence of its existence and of its contents may at once be offered. But where it is shown to be still in existence, but to be within the control of the adverse party, it is usually necessary to show that a notice has been seasonably given to such party, to produce it upon the trial, before any other evidence can be given of its contents. 1 Greenl. Ev. 596; 2 Ph. Ev. 216; 2 Saund. Pl. & Ev. 782. But there are cases in which a notice to produce the paper is not necessary. Where the form of the action or of the pleadings gives notice to the opposite party, to be prepared to produce a particular instrument, (then in his possession,) if necessary to contradict the evidence of the other party, notice to produce the instrument is not necessary. *Hammon* v. *Hopping*, 13 Wend. 503; *How* v. *Hall*, 14 East 274; *Scott* v. *Jones*, 4 Taun.

865; *Whitehead* v. *Scott*, 1 M. & R. 2; *Benher* v. *Jarratt*, 3 B. & P. 143; *Jolley* v. *Taylor*, 1 Camp. 143; *People* v. *Holbrook*, 13 Johns. 90; *Hardin* v. *Kritsinger*, 17 Johns. 293; *Bissell* v. *Drake*, 19 Johns. 66; *McLean* v. *Hertzog*, 6 S. & R. 154; *Commonwealth* v. *Messinger*, 1 Bin. 273; *Kellar* v. *Savage*, 2 App. 199; *Hart* v. *Robbinett*, 5 Miss. 11; 3 Banv. Inst. 391; 2 Saund. Pl. & Ev. 782; *Leavitt* v. *Simes*, 3 N. H. Rep. 14.

Here the action was founded upon the order alleged to be accepted by the defendant. The defendant, as the evidence shows, had it in his possession. He must be aware that the evidence must relate to that order, that the evidence must be secondary, and that if such evidence should prove to be erroneous or false, the original paper would be necessary to set it right. We can hardly imagine a case coming more clearly within the principle stated in those decisions.

Another case, where a notice to the adverse party to produce an original paper is not required, is where the party has obtained possession of such paper by fraud. *Gray* v. *Kernahan*, 2 Rep. Const. Con. 65; *Davis* v. *Spooner*, 3 Pick. 284; *Doe* v. *Ries*, 7 Bing. 724; *Edington* v. *Nixon*, 2 Bing. N. C. 324; *People* v. *Holbrook*, 13 Johns. 90; *Commonwealth* v. *Snell*, 3 Mass. 82; 3 Banv. Inst. 391; 1 Greenl. Ev. 597; 2 Ph. Ev. 225; 2 Cow. & Hill's notes 425; 2 Saund. Pl. & Ev. 782; *Leeds* v. *Cook*, 4 Esp. 256.

The affidavit of the plaintiff does not, perhaps, go far enough to fix upon the defendant the charge of fraud in obtaining or withholding the order; though it is difficult to perceive how a paper like this could be kept back and withheld upon the trial, except for some fraudulent purpose. Secondary evidence being properly admitted, it becomes a question if that offered in this case was sufficient to prove the plaintiff's cause of action. Generally, the party who is driven by the loss or destruction of a paper, and *a fortiori* when compelled by the withholding of a paper by his adversary, to resort to secondary evidence, is confined to no

particular species of evidence. It may be more or less direct, or merely circumstantial. Any evidence which would be competent to prove the like contract resting merely in parol, will be admitted to prove what were the contents of the written agreement. 2 Ph. Ev. 236; *Brown* v. *Woodman*, 6 Car. & Payne 206 ; *Doe* v. *Ross*, 2 Daw. Pr. Ca. 389; *Hall* v. *Ball*, 3 Scott 579.

A party who, having a deed or other written instrument in his possession, withholds it from inspection, has no right to complain of the inferiority of any kind of evidence that may be brought by the other party to supply the place of the original. He is himself the cause of the inferior evidence, by keeping back the best. *Doe* v. *Wainwright*, 5 Ad. & El. 520.

A verbal agreement, by which one person, at the request of a second, should engage to assume and pay the debt of the second to a third person, when assented to by the third, in discharge of the second, is binding. Any evidence which would be competent to prove such an agreement, would be equally so to prove an agreement in writing of the like kind, where the writing was lost, or in possession of the defendant. If the defendant, upon the nature of the claim being distinctly stated to him, made no objection, but admitted expressly that it was a just claim, that admission must be evidence of every fact necessary to establish the claim. The effect must be substantially the same, where the admission is not in express terms that the claim is just, but what is said is of such a character as impliedly to admit its justice ; as if the witness states, as is here done by Rolfe, that he showed to the defendant a copy of the writ, and read to him that copy, and a copy of the return of the arrest and bail, (which is what we understand by the witness' expression " *bail-piece*,") and the witness made no objection, but said he was surprised that the claim had not been paid, and that he meant to have sent on the money to pay it. These expressions naturally imply that the claim was well founded,

and considered as an admission, they admit every fact stated in the declaration as the foundation of the claim,—the drawing of the order, the signature of the drawer, and the acceptance of the drawee.

The like admission is very strongly implied from the expressions used to the other witness, Pettengill. The writ was shown him, with others ; he knew what the claim was, and made no objection to it, but said he would settle them all.

No man would be likely to say of an unjust and groundless claim, that he was surprised it had not been paid, that he meant to send on money to pay it, and that he would settle it. Nor if the claim were false and wrongful, would a man who spoke of it at all, be likely to be silent as to his objections to be holden upon it. These admissions tend to prove the plaintiff's case as he stated it in his writ. No question can arise as to any particular kind of acceptance. If believed, the evidence is positive and explicit enough to prove the fact of acceptance, but it does not tend to prove an acceptance in any particular mode, and no question as to the effect of particular words or acts to constitute an acceptance, can arise here.

There is nothing here which has any proper tendency to show that these admissions were made under duress, as has been suggested in the argument. A legal and proper arrest upon the demand in question, not designed to effect any other purpose than the obtaining of bail in the action, and unaccompanied with any severity or other impropriety of manner, is never to be deemed a duress. 2 Inst. 481; 2 Bac. Ab. 402; 1 Black. Com. 136; Shep. Touch. 61; 1 Banv. Inst. 227; Richardson v. Duncan, 3 N. H. Rep. 508.

The arrest by Rolfe was made by him as the agent of the bail. It was made upon a copy of the writ, and the officer's return, which here constitute the substitute and equivalent of what is known at common law and in New York as the bail-piece. For any thing which appears, that arrest was legal and

proper. There is no pretence that any advantage was taken of the defendant's position, or that he was not fully aware of his rights. If the bill was accepted, there is no question as to the consideration, since that is admitted by the acceptance, nor as to the previous dealings or relations of the parties.

The evidence offered had a legitimate tendency to prove the facts alleged by the plaintff in his declaration. It was for the jury to judge of the weight and effect of the evidence, and we think it should have been submitted to them.

*Nonsuit set aside.*