## HOWELL v. HUYCK.

### December, 1867.

Where, from the nature of the action, the defendant has notice that the plaintiff intends to charge him with the possession of a certain written instrument, or where the pleadings give notice to the opposite party to be prepared to produce a particular instrument, if necessary to contradict the evidence of the other party, no further notice to produce need be given, before secondary evidence may be received.

A notice to produce papers for any purpose is sufficient to admit parol proof of any fact which their production would show,—e. g., payment indorsed.

Declarations made for the purpose of qualifying the possession of property at the time of its sale, are admissible in evidence.

Edmund W. Howell sued William Huyck, in the supreme court, to foreclose a mortgage executed by Charles B. Howell, a brother of the plaintiff, upon lands, now owned by defendant in fee by virtue of deeds of full warranty derived from Charles B. Howell.

The complaint alleged the execution and delivery of the bond and mortgage to Reuben A. Grunendike; his assignment of the same to Bangs, Jameson and the mortgagor Charles B. Howell, on August 20, 1856, and its transfer for value by the latter to the plaintiff, on July 27, 1859.

The answer of the defendant Huyck alleged the payment of the mortgage to Bangs and others while they held it.

The referee before whom the case was tried, found that the mortgage was paid and canceled, and awarded judgment for defendant, Huyck. On the trial, no bond was introduced, and the original mortgage was not produced, but a certified copy from the record only was given in evidence by the plaintiff.

The defendant called for the production of the bond and mortgage, which the plaintiff refused on the ground of want of notice. The referee held that the pleadings were sufficient notice.

The defendants then gave evidence that in October, 1857, Charles B. Howell, the mortgagor, had the mortgage in his possession, and, while negotiating the sale of the land now owned by defendant, stated that the mortgage was paid, and exhibited the indorsements of payments thereon.

Judgment was rendered in favor of defendant.

*The supreme court,* at a general term, May, 1862 (present, MARVIN, P. J., DAVIS, GROVER and HOYT, JJ.), affirmed the judgment, the following opinion being rendered.

BY THE COURT. [After stating the facts.]—Two points are made on this appeal by the defendant's counsel, the first of which is, that the referee erred in *admitting secondary evidence of the indorsements upon the mortgage.*

The complaint alleged that plaintiff was owner and holder of the bond and mortgage under the assignment from Bangs and others to him. The answer, as I understand it, admitted the execution of the bond and mortgage, but put in issue the assignment to plaintiff, and alleged payment and satisfaction of the mortgage and cancellation of the bond. It was not necessary for the plaintiff to produce the original bond and mortgage on the trial in order to establish his case. Their execution had been admitted; and it is insisted that for this reason if it was important for the defendant to show the indorsements made on them, he should have given notice to produce them. The general rule is that a party shall have previous notice to produce a written instrument in his possession before secondary evidence can be given; and I understand it also to be a general rule that where the pleadings themselves operate as a notice, no further notice need be given.

Within the latter rule are all cases where from the nature of the action the defendant has notice that the plaintiff intends to charge him with the possession of the instrument, or where the pleadings " give notice to the opposite party to be prepared to produce a particular instrument if necessary to contradict the evidence of the other party." Hardin *v.* Kretsinger, 17 *Johns.* 293; People *v.* Holbrook, 13 *Johns.* 90; *Phil. on Ev.* 441; Hammond *v.* Hopping, 13 *Wend.* 505, 508.

In this case the learned referee held that the pleadings were sufficient notice to the plaintiff to produce the bond and mortgage. The bond and mortgage were the subject of the action, and the plaintiff had averred himself to be their " owner and holder." The defendant had alleged *payment* and *cancellation.* It is obvious from this answer that it would be important to produce the particular instrument in order to contradict the evidence of cancellation, which production by plaintiff would be a strong circumstance to corroborate the testimony tending to disprove payment; and hence for that purpose, it seems to me the pleadings were notice to produce the papers. This was not notice, it may be said, to produce them for the purpose of showing indorsement upon them; but a notice to produce them for any purpose, it seems to me, ought to be held sufficient to admit parol proof of any fact which the production of the paper would

show. In this case the production of the mortgage would necessarily show the fact that indorsements of payments appeared upon it; and this was the extent to which the parol evidence of the witness went.

Besides, if the pleadings gave notice to produce in order to meet evidence of cancellation, they may, perhaps, properly be said to give notice in order to rebut evidence of indorsements, because the latter fact is admissible to give character to the cancellation, as tending to show it not to have been accidental but intentional, and properly made after payment of the amount secured. But if the referee was not right in his ruling, I am of opinion the notice given on the trial was in itself a sufficient notice to allow parol proof.

The plaintiff had secured his ownership and possession. The papers being the subject of the action, were presumed not only to be in possession of plaintiff, but also to be present in court. This latter fact may be presumed from the nature of the paper and its particular connection with the cause. *Cow. & H. Notes,* 1186.

In Hammond *v.* Hopping, 13 *Wend.* 505, the suit was on a note. The defense set up was usury, and the plaintiff was fully apprised that the defense would be insisted upon, and it was held that a note given for the extra interest contemporaneously with the one sued on, might, from its connection with the cause and the nature of the instrument, be fairly presumed to be in possession of the party or his counsel in court, and therefore, that notice to produce given pending the trial was sufficient. 13 *Wend.* 505. A far less violent presumption would be required in this case. The plaintiff did not rebut the presumption by his oath, or the oath of his counsel, as he might have done; but put himself on the ground that notice had not been *previously* given. I think, therefore, the decision admitting the evidence, was correct, even if the reason given by the referee should be thought to have been answered.

The second point of the appellant is that the referee erred in *admitting the declarations* of Charles B. Howell. It is quite clear that these declarations were not competent for the purpose of proving payments, and the case shows that they were rejected for any such purpose. The referee on the trial of this

cause was sitting as a court only. It was an equity case, and not within the rules applicable to trial by jury. As such court he received evidence for a definite and specific purpose, and rejected it for any other purpose.

In order to find error in his ruling, it will not do to hold that he received and used the evidence for a purpose for which he declared it to be incompetent. This would be to stultify the court and its rulings.

But it is insisted, that the purpose for which the evidence was received "was a matter of no consequence in the case. There was no relevancy in such an inquiry, and the evidence was wholly immaterial." Grant this to be so, and it follows that no error can be predicated upon its reception,—for it is clear that evidence wholly *irrelevant* and *immaterial*, and upon a matter of no *consequence* in the case, cannot be legally or logically shown to have had any effect on the real issues of the case,—especially when it is manifest by a distinct ruling, that the referee expressly confined such evidence to the inconsequential matter.

But I am by no means clear that the declarations of Howell were not admissible for the purpose to which the learned referee limited them, to wit: "for the purpose of qualifying the possession of the mortgage by him." Howell occupied a double and peculiar relation to this mortgage. He was the mortgagor (having executed the mortgage to Grunendike), and the owner of the mortgaged premises. He was also one of the assignees of Grunendike, holding his assets in trust for creditors. At the time of selling the mortgaged premises, he produced the mortgage and exhibited it and the indorsements upon it, to his vendee, accompanying the act by the declaration that the mortgage had been paid and satisfied. His possession of the mortgage was consistent with either of the two relations to it—the one, that he was holding it as a trustee for Grunendike's creditors under the assignment, the other, as mortgagee after payment and satisfaction. Under such circumstances, for the purpose of qualifying his possession, the declaration accompanying the exhibition of the papers was part of the *res gestæ,* and it seems to me might well be given to rebut the presumption that he held the papers as assignee in trust. *Cow. & H.*

*Notes*, 589, § 452, and cases there cited. The same rule prevails as to the admissibility of declarations to qualify the possession of personal as of real property. *Cow. & H. Notes*, 601. If it were essential, therefore, to qualify Howell's possession of the mortgage, it was competent to do so by his declaration accompanying the exhibition of the mortgage to his vendee, because that declaration was part of the act itself; and for that purpose only was the evidence received. But if it was not at all material to qualify Howell's possession, then the judgment should not be disturbed. Decrees in equity were never reversed because the court had received incompetent evidence on an immaterial question.

This case seems to have been correctly disposed of on the merits, and I think the judgment may properly be affirmed.

The plaintiff appealed to this court.

*George G. Munger*, for plaintiff, appellant.

*R. Ballard*, for defendant, respondent.

-DAVIES, Ch. J.—We see no error in the rulings of the referee, either as to the sufficiency of the notice, or in the admission of declarations, and there is, therefore, no ground for reversal.

Judgment should be affirmed, with costs.

WRIGHT, J., also delivered an opinion for affirmance.

All the judges concurred, except FULLERTON, J., who dissented on both points, and PORTER, J., who did not vote.