CHARLES BURROWS v. WILLIAM J. KEAYS.

*Trover for Notes detained after being Assigned under a Canadian Insolvent Law.*

One who had assigned for the benefit of creditors retained certain promissory notes which the assignment covered, and the assignee brought trover, setting forth these facts but describing the notes only as " divers promissory notes against sundry persons and in various amounts of great value, to-wit: of the value of four thousand dollars." On special demurrer for uncertainty this is *held* to be sufficient.

A defendant in trover was convicted on his own admissions of converting certain notes. *Held* that he could not afterwards object that the verdict was unwarranted on the ground that the notes may have been worthless; if that was the fact he should have shown it by competent testimony.

A voluntary assignment of all one's estate and effects is sufficient to pass title to the assignee and enable him to enforce it as against the assignor and wrong-doers; and as to them the fact that the assignment was made under a foreign insolvent act makes no difference.

Error to Superior Court of Detroit.    Submitted October 5.    Decided October 23.

TROVER.    The facts are in the opinion.

*Griffin & Dickinson* for plaintiff in error.

*Atkinson & Atkinson* for defendant in error.

MARSTON, J.    Defendant in error brought an action of trover for the conversion by the defendant, plaintiff in error, of a large sum of money and certain promissory notes. Defendant by his counsel demurred specially to the declaration. The first cause assigned—the only one we need here discuss —was that the declaration did not "with sufficient certainty set out the description of the promissory notes alleged to have been held by defendant at the time of making the alleged assignment, and on which notes recovery is sought in said court." The description in the declaration was "divers promissory notes against sundry persons, and in various amounts of great value, to-wit: of the value of four thousand dollars." The declaration also in the same connection set forth that the defendant Burrows, being lawfully possessed of these notes, executed to the plaintiff a voluntary assignment, for the benefit of his (Burrows') creditors, of all his property, goods, chattels, effects and *choses in action;* that plaintiff accepted said assignment and thereby became the owner of such *choses in action,* that he casnally lost the same, etc.

Taking this count of the declaration and looking at all its parts, it would appear therefrom that the plaintiff did

not at any time have these notes or any of them in his possession, or that he ever had any particular information from which he could give a more minute description of them. He sets forth that they were in the possession . of the defendant, and that he, the plaintiff, became the owner thereof, under and by virtue of a voluntary assignment, made to him by the defendant for the benefit of creditors, and that the conversion took place after the assignment. The allegation of a conversion of these notes by the defendant shows them to be in possession of the defendant and out of the possession of the plaintiff. What description should the plaintiff give of these notes under such circumstances to enable him to maintain an action of trover? He could not give the name of the maker, or the date or amount of any of them. To require a specific description of each note, or any better or more accurate description than the one given, would be to preclude the plaintiff from bringing trover at all. It is true he might set up more fully and clearly the reasons why he does not more specifically describe the property, but this would add nothing to the description given. One object in requiring a definite description to be set forth in the declaration, of the property converted, is to enable the defendant to meet the charge, but in a case like the present where the effect and purport of the charge is a wrongful possession of the property by the defendant himself, his possession gives him the information, and it is his wrongful act in taking and retaining possession that renders the plaintiff unable to give a more full or perfect description. It may be said, however, that this reasoning presumes the defendant did wrongfully convert the notes, and that while sound enough in cases where the defendant has actually been guilty of conversion, it is unsound where the defendant is not guilty,—that an innocent person from this vague general charge would be unable to meet the particular proofs adduced against him on the trial, and that we have no right to presume that the defendant in this case is other than innocent of the charge made. Perhaps this is so, but in examining and testing the sufficiency of a declaration on demurrer, we must assume the allegations

in the declaration to be true; that the allegation in the declaration, alleging a loss of these notes by the plaintiff, and a finding of them by the defendant,—in other words, a conversion of them by him,—is in the usual form and therefore well pleaded, and admitted by the demurrer, cannot be denied. The notes, therefore, for the purpose of this question are supposed to be in the hands of the defendant, and beyond the reach or control of the plaintiff, thus rendering it impossible for him to describe them with fullness or accuracy. Under such circumstances a general description must be held sufficient, and this doctrine has been held even in criminal cases where much greater accuracy is usually required. *The People v. Holbrook*, 13 John., 90; *The People v. Kent*, 1 Doug. (Mich.), 42.

The objections made here that the verdict was not warranted by the evidence, and that the court improperly took the case from the jury, we think are not well taken. The evidence on the part of plaintiff consisted principally, if not wholly, of admissions made by defendant as to the money and notes and their value. If, as now claimed, these notes, although on their face purporting to be for $900, may have been worthless or of but little value on account of the bankruptcy of the makers, or for other supposed reasons, we think it was incumbent on the defendant to have shown such facts upon the trial. He could not sit by and permit testimony to be introduced and submitted to the court and jury tending to show his liability and the extent thereof, and then seek to evade the conclusion arrived at by mere speculations or guess work. If the notes were of less value than his admissions as testified to would seem to indicate, he should have shown such fact by competent testimony. Nor do we understand, from the printed record, that the court withdrew any fact that was contested or disputed below, from the consideration of the jury. The requests to charge, if given, would have taken the entire case from the jury. These the court declined to give and instructed them that the plaintiff was entitled to recover.

The real question in controversy in this case, viz.: that

the plaintiff failed utterly to show any title by which he could maintain the action, yet remains to be considered.

To support his title he introduced an instrument of which the following is a copy:

"INSOLVENT ACT OF 1869.

"This assignment, made between Charles Burrows, of Wilkesport, lumber merchant, in the county of Lambton, and province of Ontario, of the first part, and William J. Keays, of the town of Sarnia, in the county of Lambton, and province of Ontario, official assignee for the said county of Lambton, of the second part:

"Witnesseth, that under the provisions of the 'Insolvent Act of 1869,' the said party of the first part, being insolvent, has voluntarily assigned, and hereby doth voluntarily assign to the said party of the second part, accepting thereof as interim assignee under the said act, and for the purposes therein provided, all his estate and effects, real and personal, of every nature and kind whatsoever.

"To have and to hold to the party of the second part as assignee for the purposes and under the act aforesaid.

"In witness whereof, the parties hereto have hereunto set their hands and seals, this twelfth day of October, in the year of our Lord one thousand eight hundred and seventy-four.

CHARLES BURROWS.  [L. S.]<br/>W. J. KEAYS.      [L. S.]

Signed, Sealed and Delivered in presence of

W. ROY."

It is insisted that this instrument was not intended as an absolute bill of sale; that it is a document made under the provisions of the insolvent act of 1869, "for the purposes therein provided," and that the plaintiff holds the property as assignee, "for the purposes and under the act aforesaid," and that what these purposes are, or what title passes, without reference to the act we have no means of knowing, and that even had the act been introduced and proven, it would have no force, and would be inoperative in Michigan. This argument might be correct if plaintiff's title was derived solely under and in virtue of the act referred to. If, however, Burrows voluntarily made an assignment for the benefit of his creditors, the fact that it was made under the said act, and for the purposes therein provided, would not, as

between the immediate parties thereto, or as between the assignee and wrongdoers, preclude or prevent the assignee from protecting and enforcing his right to the property in any court of competent jurisdiction. The provisions of the act referred to would undoubtedly fix, govern and control the rights, powers and duties of the assignee in the execution of the trust, but in this case the court is not called upon to settle or determine any question arising under the act or as between the assignee and the creditors of the assignor.

A reference to the assignment shows that " the said party of the first part (Burrows) being insolvent, has voluntarily assigned, and hereby doth voluntarily assign, to the said party of the second part (Keays), all his estate and effects, real and personal, of every nature and kind whatsoever." This we think is sufficiently full and complete to transfer and pass the title to the plaintiff to the property in question, and gives him a right to come into court and enforce and protect such title as against the claims of the assignor. Any other view, assuming the position of defendant to be correct, would enable a debtor residing in Canada to send his property into this State, then make a voluntary assignment for the benefit of his creditors, and at once come here and enjoy his property, without any power in the assignee to follow him and obtain possession thereof. This branch of the case very closely resembles *Graydon v. Church,* 7 Mich., 50, where the same questions were discussed, and the conclusion there arrived at must govern and determine in this case.

The judgment must be affirmed with costs.

The other Justices concurred.