## ARMITAGE *v.* THE STATE.

Where an indictment for having in possession counterfeit bank notes, alleges
that they are in the defendant's possession, a sufficient excuse for the want
of a particular description of the notes is shown.

On the trial, the defendant cannot be compelled to furnish evidence against
himself by producing the notes.

But, nevertheless, the contents of the notes cannot be proved by parol evi-
dence, on the trial, unless notice to produce them has been given, according
to the rule of practice in civil cases.

APPEAL from the *Lagrange* Circuit Court.

HANNA, J.—Indictment for forgery. Trial and convic-
tion.

Nov. Term,
1859.

ARMITAGE
v.
THE STATE.

A motion to quash the indictment was made, overruled, and exceptions taken.

It is charged in the indictment, that on, &c., at, &c., the said defendant "feloniously did have in his possession forty forged, false, and counterfeit five dollar bank notes, purporting to be five dollar bank notes issued by the *Market Bank.*" It is then again alleged that they were counterfeit notes; and that they were in the possession of the defendant, and, therefore, a more particular description was to the jurors unknown, &c.; that he possessed them with intent to put them in circulation, &c., well knowing, &c.

It is insisted that the description of the notes is insufficient; and we are referred to *The State* v. *Atkins,* 5 Blackf. 458, in which it was held that, "in cases of forgery, or of knowingly uttering counterfeited instruments of writing, the indictment must profess to set out an exact copy of the counterfeit, that the Court may see that it is one of those instruments the false making or passing of which is punishable by law." In that case, it was held insufficient to aver, preceding the copy of the note set forth, that it was "of the following purport and effect, to-wit;" but that averment must be direct that the instrument was to the "tenor following," or "as follows," &c.

In answer to this, it is said that the case in 5 Blackf. is not applicable to a state of facts similar to those in the case at bar.

It has been often decided, and appears to be in accordance with the text of some writers on criminal law, that "where the instrument upon which the indictment rests is in the defendant's possession, or is lost or destroyed, it is sufficient to aver such special facts as an excuse for the non setting out of the instrument, and then to proceed, either by stating its substance, or by describing it as an instrument which the said inquest cannot set forth by reason," &c., "of its loss," &c. Whart. Crim. Law, pp. 311, 608, and authorities there cited.

We are of opinion the motion to quash was properly

overruled. The reason for not setting out the notes with more particularity, appears to us sufficient.

Nov. Term, 1859.

ARMITAGE
v.
THE STATE.

The next point made in the brief is, that a witness was permitted to testify that he "sold the defendant 200 dollars in counterfeit bills, being four and five dollar bills on the *Market Bank* of *New York.*"

It is insisted, first, that the bills should have been produced, or notice given to the defendant to produce them; and, second, that the witness should not, under the statute, have testified as to the genuineness of the bills, unless it was first shown that he was a person of skill. 2 R. S. p. 372, § 91.

If the notes were really in the possession of the defendant, as alleged in the indictment, the Court could not compel him to produce them on the trial, for the reason that he might be, and if the charge was true, certainly would thereby be, furnishing evidence against himself.

Upon the next·branch of the objection, there are two classes of decisions. Those of the *English* Courts, which have, pretty uniformly, held that there ought not to be any difference in the rule, in that respect, between civil and criminal procedure; that in either, secondary evidence of the contents of a writing, &c., should not be received until notice to the opposite party has been given to produce it upon the trial, when it is shown to be in the possession of such party. *Rex* v. *Gibson*, Rus. and Ryan, 138.—*Rex* v. *The Inhabitants of Rawdon*, 8 B. and C. 708.

In this country, it has been repeatedly decided that the indictment itself is all the notice the defendant can require in a criminal case, in regard to the instrument which is the subject of the offense; that if the instrument is so described as to enable the defendant to obtain an advantage by the production thereof, doubtless he would do so, and that it would be to his injury, before the jury, to show, on the trial, that a special notice to produce it had been given, and the defendant had failed to respond to it. *The People* v. *Kingsley*, 2 Cow. 522.—*The People* v. *Badgley*, 16 Wend. 53.—*The State* v. *Potts*, 4 Halst. 26.—*Pendleton*

v. *The Commonwealth*, 4 Leigh, 694.—*The People* v. *Holbrook*, 13 Johns. 90.—*The Commonwealth* v. *Messinger*, 1 Binn. 273.

The opinions in the last cited case are able, and rest upon the argument that it is useless to give a notice where the production could not be compelled; and that when the instrument, upon which the indictment was founded, was traced into the hands of the defendant, it was beyond the control of the Court or the prosecutor, and secondary evidence should be admitted of its contents, the same as if it was lost or destroyed, for it should be so considered for all purposes of evidence.

We are not able to perceive any convincing argument in regard to criminal cases as distinguished from civil. The rule of evidence should be uniform in both classes of cases, where, upon general principles, it can be made so. If an indictment is a sufficient notice, why not a complaint, on an instrument averring that it is in the hands of the defendant? Yet we are not aware of any well settled rule that would dispense with the necessity of notice to produce the writing, in the civil case, where it is necessary to use it as evidence.

We, therefore, prefer to follow the rule of practice, which requires actual notice to produce an instrument, traced to the hands of the defendant and not shown to be lost or destroyed, believing it to be more in consonance with the settled rules of practice upon kindred questions.

Upon the second branch of the objection, we are of opinion that the statute referred to, requiring the evidence of a certain number of experts, is not applicable to the case at bar.

In this case, in addition to the confessions of the defendant that he had in his possession counterfeit notes, &c., the state was permitted to prove, by a witness, that he sold the defendant counterfeit bank notes. It was the statement of a substantive fact, namely, that the notes were counterfeit. If he either manufactured them, or caused another to do it for him, he could state the fact from his own knowledge. No degree of skill, in reference

to genuine or counterfeit notes, was necessary to enable him to say, under such a supposed state of facts, that they were not genuine.

The statute was made to meet a case where a note is presented to a witness for the purpose of ascertaining, from an inspection of the note itself, as to whether it is genuine or not. In such an instance, the witness should be an expert, or his evidence should not be received.

*Per Curiam.*—The judgment is reversed, and the clerk directed to issue the proper order to the keeper of the state prison to remand, &c.

*W. L. Stoughton* and *A. Ellison*, for the appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.