Indictment, in one count, for larceny, and in another for robbery. The felonious act charged was the taking of a certain pocket-book, containing a lot of bank notes of various denominations, of the value of $81. Both counts alleged that the notes were in the possession of the defendant, or of some person to the grand jury unknown.
Held, that the State was not authorized to give parol proof of the contents of the bank notes, without first showing that they had been lost or destroyed, or that notice had been given to the defendant to produce them.
Williams was indicted for stealing, from one Simon Vanasdal, a pocket-book containing, among other things, "a lot of bank notes of various denominations, being of the value of $81." There was also a count for robbery, charging a forcible, felonious, c., taking from the person of Vanasdal of the same articles. In both counts it is charged that the bank notes, c., were in the possession of the defendant, or of some person to the grand jurors unknown, and could not therefore be particularly described.
Trial; conviction on the second count, and judgment.
It appears that on the trial, the State was permitted, over the objection of the defendant, and without any foundation having been laid for that purpose, to prove the contents of the bank notes in the pocket-book when taken, viz., seven *Page 462 
notes of the denomination of $10, and one of $5, on the Farmers andMechanics' Bank of Franklin, and two three dollar bills.
The bills, for aught that appears, were in the possession of the defendant. Vanasdal, the witness, testified that he had not seen the pocket-book, or its contents, since they were taken from him; nor does it appear that they had passed into the hands of any third person.
Under such circumstances, parol evidence of the contents of the bank notes would seem to be admissible, the defendant having had due notice to produce them, and failing to do so. But no such notice was given; hence, the evidence was inadmissible. This point has been fully considered by this Court in a recent case. Armitage v. The State,13 Ind. 441. It was there held, that on an indictment of a party for having in his possession counterfeit bank notes, notice must be given the defendant to produce them, before parol evidence of their contents can be introduced.
The Court say, after alluding to the authorities and discussing the question: "We therefore prefer to follow the rule of practice which requires actual notice to produce an instrument traced to the hands of the defendant, and not shown to be lost or destroyed, believing it to be more in consonance with the settled rules of practice upon kindred questions." Vide, also, Whitney v. The State, 10 Ind. 404
But it is objected, on the part of the State, that the evidence is not all in the record. For this very reason we do not know that there was sufficient legal testimony to convict the accused. Illegal testimony having gone to the jury, we can not say that he was not injured thereby.
 Per Curiam. — The judgment is reversed. Cause remanded, c.