SAMUEL W. HODGES *vs.* HENRY C. SCOTT, guardian.

Worcester. October 6. — 7, 1875. WELLS & AMES, JJ., absent.

Upon the issue of the sanity of A. at the time of his making a promissory note, a witness, who testified to the appearance and conversation of A. about that time, was asked by the plaintiff to state whether A. talked coherently or incoherently. The court excluded this question. The witness was then asked, "How did he talk?" and answered, "He talked as other customers did who came in to trade." He was then asked if he talked peculiarly, to which he replied in the negative. *Held*, that the exclusion of the first question, to which the plaintiff excepted, was rendered immaterial by the subsequent testimony.

CONTRACT on a promissory note signed by Hiram Hunt, who, at the time of bringing the suit, was under the defendant's guardianship, as an insane person. The note, which was payable in four months from date, was given to Joshua Wales, on July 1,

---

* " The court will not hear any motion grounded on facts, unless the facts are verified by affidavit, or are apparent from the record and from the papers on file in the case, or are agreed and stated in writing, signed by the parties or their attorneys. And the same rule will be applied as to all facts relied on in opposing any motion."

1873, as part payment for a conveyance of a parcel of real estate on that day conveyed by Wales to Hunt. Before the note matured, Wales indorsed it to the plaintiff as collateral security.

At the trial in the Superior Court, before *Dewey*, ⌣ ., the question of Hunt's insanity, at the time of making the note, was controverted, and evidence on both sides was introduced on the point. The plaintiff called a witness, a jeweller in Milford, who testified as to the appearance and conversation of Hunt about the time of making the note. The plaintiff proposed to ask the witness the following question : " State whether Hunt talked coherently or incoherently." The defendant objecting, the judge excluded the question, and the plaintiff excepted. The witness was then asked, " How did he talk ? " and answered that " He talked as other customers did who came in to trade." He was then asked whether he talked peculiarly, and answered that " He did not."

The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*F. P. Goulding*, for the plaintiff.

*J. H. Benton, Jr.*, for the defendant.

BY THE COURT. The exclusion of the first question was rendered immaterial by the admission of the testimony that the party acted like other persons and did not talk peculiarly, which was equivalent to stating that he did not talk strangely or differently from others, and necessarily implied that he did not talk incoherently.                    *Exceptions overruled.*