## JAMES M. HOPKINS *vs.* ALDEN DAMON.

Hampshire.   Sept. 23. — Nov. 1, 1884.   C. ALLEN & COLBURN, JJ., absent.

Exclusion of evidence at one stage of a trial is no ground of exception if the evidence is subsequently admitted.

TORT for the conversion of a quantity of hay. At the trial in the Superior Court, before *Knowlton*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*F. A. Beals*, for the plaintiff.

*S. Sanders*, for the defendant.

DEVENS, J. The sole act of conversion alleged by the plaintiff was the refusal by the defendant to permit the plaintiff to remove a certain quantity of hay, on the ground that it had not been fully paid for. He had proved a contract with the defendant for the purchase of standing grass, which was to be fully paid for before any of the hay made therefrom should be removed. He also testified that it had been stated to him by the defendant, at the time of his purchase, that "his wife did the buying and selling, and carried on the general business of the farm for him." It was further alleged by the plaintiff, that there had been a mistake in the boundaries of the lot on which the grass was growing; and the plaintiff's son testified

that, after the discovery of the alleged mistake, the wife of the defendant told the plaintiff that he might remove it at any time without paying the balance due. The son further testified, that on a later occasion, at a conversation between the plaintiff and the defendant, in the presence of the defendant's wife, the defendant distinctly refused to "recognize any mistake, or make any allowance on account of it." The plaintiff then offered to prove, by the same witness, that the defendant's wife followed the plaintiff and the witness out of the house immediately, and told the plaintiff that he might remove the hay without making further payment. This was excluded on the defendant's objection; and the plaintiff excepted. The witness then said, "She said it right there" (referring to the room where the defendant was). "She said, 'Go on and get the hay, and you need not pay any more money.'"

We are not prepared to say that, after he had been distinctly notified by the defendant of his refusal to recognize any mistake, or make any allowance therefor, the plaintiff could rely upon any modification of his contract subsequently made by the wife, whose limited agency is above stated. But if the excluded evidence was relevant and material, the plaintiff has had the full benefit of it by this declaration of the witness, which was received without objection, and was in reply to the inquiry. If evidence sought to be introduced has been laid before the jury in the course of the trial, it is quite immaterial that it was not admitted when first offered. *Robinson* v. *Fitchburg & Worcester Railroad*, 7 Gray, 92, 96. *Hodges* v. *Scott*, 118 Mass. 530.

*Exceptions overruled.*