COMMONWEALTH *vs*. BERNARD SLOCOMB.

Middlesex. March 7, 1927.— June 29, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence*, Competency, Secondary, Relevancy and materiality, Of intent. *Practice, Criminal*, Notice to produce, Exceptions. *Burning Insured Property*. *Words*, "Combustible."

It is a well recognized exception to the rule requiring notice to produce a document before secondary evidence becomes admissible that, when the pleadings disclose that proof of the paper will be necessary at the trial, no further notice is necessary.

An indictment charged an attempt to burn a certain building, insured by named insurance companies against loss or damage by fire, with intent to injure the insurers. *Held,* that

(1) No further notice than the notice in the indictment was necessary before secondary evidence of the contents of the policies of insurance was admissible.

(2) An exception to the admission at the trial of the indictment above described, without previous notice having been given to the defendant to produce the original, of what was testified to be a copy of a policy of insurance against loss by fire of the building named in the indictment issued to the defendant by a company not named in the indictment, must be overruled, even if the admission were error, since the defendant, who testified that the material terms of the policies, the dates of issue, and their amounts, were as stated in the copies, was not harmed by the admission of the copies, although such testimony by him came after the conclusion of the Commonwealth's case.

It was not error at the trial above described for the trial judge to reject testimony by the defendant offered in response to the question by his own counsel, "You knew, . . . didn't you, you couldn't collect more than the value of the property no matter how much insurance you had on it?" such evidence not being material; it moreover appeared that the evidence afterwards was admitted so that in no event was the defendant prejudiced by its original exclusion.

At the trial above described, there was, among other evidence, including admissions by the defendant, evidence that in the building in question a canvas or curtain was found on fire; that the canvas was draped over a can of gasoline, which was close to another can "with a soldering torch in it" electrically connected and so placed as to heat the contents; that this material began to burn and the flame was communicated to the curtain; that on the morning of the fire the defendant had been upon the premises and had been in the room where the fire was discovered; and that the defendant put the gasoline in the room for the purpose of causing the fire. *Held,* that a verdict of not guilty could not properly have been ordered.

The indictment above described contained an allegation that the defendant in an attempt to burn the building in question "did ignite and set fire to certain combustible matter then and there situated in said building in the attic thereof but did fail in the perpetration of said attempted offence, and was intercepted and prevented in the execution of said attempted offence." The judge instructed the jury that the word "combustible" meant "inflammable" or "capable of burning"; that the theory of the Commonwealth was that the defendant consciously turned on the electric current so as to heat a soldering iron; that the soldering iron was placed in a can to heat the material contained in it; that this material began to burn and the flame was communicated to the curtain. *Held,* that there was no error in the instructions.

INDICTMENT, found and returned on October 8, 1926, charging the defendant in two counts with an attempt to

burn a building in Pepperell, insured against loss or damage by fire, with intent to injure the insurers, Aetna Insurance Company of Hartford, Connecticut, and the Home Insurance Company of New York, each count concluding with allegations that the defendant "in such attempt did ignite and set fire to certain combustible matter then and there situated in said building in the attic thereof but did fail in the perpetration of said attempted offence, and was intercepted and prevented in the execution of said attempted offence."

There was a trial in the Superior Court on December 14–16, 1926, before *Williams*, J. Material evidence and exceptions saved by the defendant are stated in the opinion. The defendant was found guilty and was sentenced on December 20, 1926. On January 4, 1927, he claimed an appeal under the provisions of St. 1926, c. 329, §§ 1–5, amending §§ 33A, 33B, 33C, 33E, 33F, added to G. L. c. 278 by St. 1925, c. 179, § 1; on February 15, 1927, a copy of the transcript of the evidence was delivered to the clerk of the court and written notice thereof was given to the defendant's counsel the next day. On February 17, 1927, the defendant filed an assignment of errors.

*J. M. Maloney*, (*G. L. Wilson* with him,) for the defendant.

*R. J. White*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was found guilty on an indictment charging him with the attempt to burn a building with the intent to injure the insurer.

The first three assignments of error have reference to the admission in evidence of copies of insurance policies. The defendant was not notified to produce the original policies and no demand for them was made by the Commonwealth. Against the defendant's exception the prosecution was permitted to introduce office copies made by the insurance agent to whom the accused applied for insurance and through whose office the policies were issued. There was evidence that the original policies were delivered to the defendant. The indictment alleged that the property was insured in the Aetna Insurance and the Home Insurance companies, and that the defendant, with the intent to injure these corpora-

tions, set fire to certain combustible materials. Copies of the policies in these companies were admitted in evidence.

It is a well recognized exception to the rule requiring notice to produce a document before secondary evidence is admissible that when the pleadings disclose that proof of the paper will be necessary at the trial, no further notice is necessary. The pleadings in such a case are themselves notice. The adverse party must have understood that the papers referred to would be relied on. This exception applies equally to civil cases, *Kellar* v. *Savage*, 20 Maine, 199, 203, *J. L. Owens Co.* v. *Bemis*, 22 N. Dak. 159, and to criminal cases, *United States* v. *Doebler*, Baldw. C. C. 519, 524, *People* v. *Holbrook*, 13 Johns, (N.Y.) 90, *Commonwealth* v. *Messinger*, 1 Binn. 273, 284, *State* v. *Rowen*, 104 Ore. 1, 13, *McGinnis* v. *State*, 24 Ind. 500. See contra *Regina* v. *Kitson*, 6 Cox C.C. 159. The rule has been generally followed where the defendant is accused of larceny or forgery, but it is not limited to these crimes; it extends to other crimes as well. *State* v. *Mayberry*, 48 Maine, 218, 239. Wigmore on Ev. (2d ed.) § 1205 (b).

The indictment clearly set out that the defendant was charged with setting the fire for the purpose of defrauding the Aetna and Home insurance companies. He was impliedly at least notified that these policies would be relied on by the prosecution to prove its case. The accused was informed that the fire was set to injure these companies and he must have understood that the policies would be involved. No further notice than the notice in the indictment was called for; the secondary evidence, therefore, was admissible. The evidence that the copies of the policies set forth, exactly as did the originals, the contracts between the insurance companies and the defendant was admitted properly. A witness may testify that a copy is in fact a true copy. *Commonwealth* v. *Smith*, 151 Mass. 491, 495.

A copy of a policy in the London and Lancashire Insurance Company was also admitted, to which the defendant excepted. It was not alleged in the indictment that the accused set the fire to defraud this company. We infer that the copy of the policy in the London and Lancashire Insur-

ance Company was offered for the purpose of showing the defendant's intent to defraud. The amount of insurance on the property was competent as bearing on the defendant's purpose in setting the fire, and could be considered by the jury as indicating his intent. *Commonwealth* v. *McCarthy,* 119 Mass. 354. *Commonwealth* v. *Bradford,* 126 Mass. 42. *Commonwealth* v. *Johnson,* 199 Mass. 55. *Commonwealth* v. *Feci,* 235 Mass. 562, 567. *Commonwealth* v. *Anderson,* 245 Mass. 177, 184, 185. Even if it be assumed there was error in admitting the copy of the London and Lancashire Insurance Company's policy without notice to the defendant to produce the original, see *Commonwealth* v. *Emery,* 2 Gray, 80; *Commonwealth* v. *Perry,* 254 Mass. 520, 528, 529; see also *People* v. *Gibson,* 218 N. Y. 70, 75; *Commonwealth* v. *Valeroso,* 273 Penn. St. 213; *McKnight* v. *United States,* 115 Fed. Rep. 972, 976, the error was not prejudicial. The defendant was a witness. He testified that the material terms of the policies, the dates of issue, and their amounts, were as stated in the copies. It has been held that an admission, by one against whom copies are used, that the copies are correct renders them admissible. *Work Brothers & Co.* v. *McCoy,* 87 Iowa, 217, 222, 223. *Beard* v. *Railroad,* 143 N. C. 136, 141, 142.

The defendant contends that, notwithstanding his admission, the error in admitting the copies was harmful because, if the copies had been excluded, he could have rested at the conclusion of the Commonwealth's case and asked for a directed verdict on the ground that there was no evidence of insurance as alleged in the indictment. We cannot agree with this contention. The copies of the policies in the Home and in the Aetna insurance companies were admitted properly. It was averred that the defendant set the fire for the purpose of defrauding these companies. He therefore could not rightfully ask for a directed verdict on the ground that there was no evidence of insurance, as these policies were in evidence. He was not prejudiced in his defence by the introduction of the copy of the London and Lancashire Insurance Company policy; his admission cured the error.

The next assignment of error is that the trial judge erred in rejecting the evidence of the defendant offered in response to the question, "You knew, Mr. Slocomb, didn't you, you couldn't collect more than the value of the property no matter how much insurance you had on it?" The crime charged against the defendant was the attempt to burn the building with the intent to injure the insurance companies. The fact that the defendant knew he could collect no more than the value of the property had no bearing on his intent to injure the insured. If he recovered only the value of the property, the insurer would have been injured to the extent it was called upon to pay the incendiary. Furthermore, the defendant testified that he had no intention "of trying to collect more than the fair value of the building if it should burn." Even if there were error in excluding the testimony at one stage of the trial, it was cured by the subsequent admission of the evidence. *Hopkins* v. *Damon,* 138 Mass. 65. *Post* v. *Leland,* 184 Mass. 601, 602.

There was no error in refusing to direct a verdict of not guilty. There was evidence that a canvas or curtain was on fire; that the canvas was draped over a can of gasoline; that a gasoline can was close to another can, "with a soldering torch in it"; that on the morning of the fire the defendant had been upon the premises and had been in the room where the fire was discovered. There also was evidence indicating that the defendant put the gasoline in the room for the purpose of causing the fire. There was additional evidence, unnecessary to set out in detail, including admissions by the defendant, from which a jury properly might find that the defendant was guilty.

The judge instructed the jury that the word "combustible" meant "inflammable" or "capable of burning"; that the theory of the Commonwealth was that the defendant consciously turned on the electric current so as to heat a soldering iron; that the soldering iron was placed in a can to heat the material contained in it; that this material began to burn and the flame was communicated to the curtain. We discover no error in the instructions. The definition of

the word "combustible" was correct. *Neumann* v. *Mayor & Council of Hoboken,* 53 Vroom, 275, 278. *Payne* v. *Wright,* [1892] 1 Q. B. 104, 107.

There was no error in the conduct of the trial.

*Exceptions overruled.*