COMMONWEALTH *vs.* HERBERT COOPER.

Middlesex.   June 29, 1928.— September 12, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Burning Insured Property. Evidence,* Presumptions and burden of proof, Circumstantial, Inference, Competency, Relevancy and materiality, Of intent, Of financial condition. *Practice, Criminal,* Exceptions, Argument by district attorney, Discretionary ruling upon evidence, Requests, rulings and instructions. *Witness,* Contradiction, Cross-examination.

At the trial of an indictment, it is not required that inferences to be drawn by the jury be unescapable or necessary; if they are not too remote according to the usual course of events, and if all the circumstances including inferences are of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of guilt on the part of the defendant beyond a reasonable doubt, a verdict of guilty is warranted.

At the trial of an indictment charging the defendant with attempting to burn insured property with intent to injure the insurers, there was evidence that the defendant was the lessee of a store which he used as a meat market and provision store; that, about two hours after the de-

fendant and his wife, who had the only key to the store, left it late on a Saturday evening, two separate fires were discovered therein in such places that it could be inferred that neither was caused by the other; that the defendant, not having been notified of the fire, came to the store on Sunday, but left after having been refused admittance by the police; that the defendant entered the store on Monday but denied having done so when the police came there an hour or more later; that the police then found that the contents of the store had been disturbed; that the defendant made statements concerning insurance on the property after the fire; and that he notified his insurance broker of the fire on Sunday, and on Monday had an insurance adjuster with him at the store. The defendant testified that shortly before the fire he learned that one of the policies of insurance had been cancelled. The trial judge denied a motion by the defendant that the jury be ordered to return a verdict of not guilty. *Held,* that

(1) Findings were warranted that the defendant set the fires, that the property was insured, and that the defendant intended to injure the insurers; and the motion properly was denied;

(2) Evidence, of breaking and entering at another time in the block in which the defendant's store was, was irrelevant and inadmissible;

(3) Evidence of the cost of the store fixtures when new some months before the fire was irrelevant and inadmissible;

(4) No error appeared in excluding evidence that money upon the defendant's person at the time of his arrest was money received from the trade of the store on the preceding Saturday;

(5) While evidence, that the defendant was in good financial circumstances and not in need of money, would have been competent on the issue of his motive, the defendant's general financial responsibility could be shown only by direct evidence: evidence offered by the defendant to show his general reputation as to financial standing; that, by abstract assertions, his business was good and was profitable for a brief period; of the amount of business done per week and in comparison with other weeks; by an expert accountant whose knowledge was based on cost prices of the defendant's property and who was unable to testify concerning the actual financial standing of the defendant at the time of the fire; and by the defendant as to what he paid for various specified articles of property in the store and as to certain of his checks and to certain details of his financial operations at the store, properly was excluded.

Although the prosecuting officer made an improper statement during his closing argument at the trial of an indictment, no error appeared where the jury forthwith were instructed to disregard such statement, and were then, and in the judge's charge, instructed to weigh the evidence according to their own convictions.

There was no error, at the trial of an indictment, in refusal by the trial judge to instruct the jury that an inference of innocence must be drawn by the jury if permitted by the facts.

Requests for rulings by the defendant properly were refused at the trial of an indictment where the matters contained therein were sufficiently included in the charge to the jury.

No reversible error appeared, at the trial of an indictment, in allowing the prosecuting officer in the circumstances to contradict and cross-examine witnesses called by the Commonwealth; nor in allowing him to ask certain questions, the answers to which were either harmless or favorable to the defendant.

The exclusion or allowance of questions concerning subsidiary matters at the trial of an indictment was within the discretion of the trial judge; and no reversible error was shown by his rulings on such questions.

INDICTMENT, found and returned on May 24, 1927, charging the defendant with attempting to burn certain insured property with intent to injure the insurers.

The indictment was tried in the Superior Court on September 12–19, 1927, before *Williams*, J. Material evidence, and evidence admitted and excluded subject to exceptions, is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that the jury be ordered to return a verdict of not guilty. The judge refused to give the following rulings requested by the defendant:

"The jury have a right to consider the question of motive and if it appear from the evidence that there is reasonably a lack of motive the jury have a right to take this lack of motive into consideration as bearing upon the guilt or innocence of the defendant."

"The evidence of the financial standing of the defendant, his reputation for truth and veracity, his ability to meet his obligations, the volume of his business in the store in question are all to be considered on the question of motive."

The charge to the jury was in part as follows: ". . . if the Commonwealth has evidence of motive, that is persuasive evidence that perhaps the man claimed to have committed the crime, actually did it . . . .

"It has been said that this man was insured, or thought he was insured — I refer to the defendant — to the extent of $4,000; that the fixtures and goods in the store at the time of the fire weren't of value equal to that amount, and so he had a motive, if he wished to do an unlawful act, for burning the goods for the sake of getting a substantially larger amount in cash to replace them.

"The defendant says that no such motive existed, because, by reason of the evidence he has introduced here, he claims it

appears that the goods and merchandise were approximately equal to $4,000, or perhaps more, equal to a sum greater than that.

"Now, all this testimony as to the merchandise and the value of the merchandise, and the fixtures and the value of the fixtures, bears on the motive, and you will consider it only in connection with the element of motive. If it helps you, use it; if it doesn't help you, discard it. The facts of the case, the facts of the crime, are entirely apart from motive, but the existence of a motive or lack of motive may help you in determining the facts of the crime itself."

The jury returned a verdict of guilty and the defendant filed an appeal with an assignment of errors.

The case was submitted on briefs.

*M. Caro & J. F. Barry,* for the defendant.

*R. T. Bushnell,* District Attorney, *& F. G. Volpe,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. The defendant was found guilty upon an indictment charging that at a specified time he attempted at a designated place to burn certain goods, wares, merchandise and chattels, which were insured in named insurance companies, with intent to injure these corporations, and in such attempt set fire to crates and boxes and failed in the perpetration of the attempted offence. The case comes before us by appeal and assignment of errors pursuant to §§ 33A to 33G added to G. L. c. 278 by St. 1925, c. 279, § 1, as amended by St. 1926, c. 329, §§ 1, 2, 3, 4, 5, the judge having made the necessary order to that end. *Commonwealth* v. *McDonald, ante,* 324.

The felony, which the defendant was found guilty of attempting to commit, (G. L. c. 274, § 6,) is defined by G. L. c. 266, § 10, in these words: "Whoever, with intent to injure the insurer, burns a building or any goods, wares, merchandise or other chattels belonging to himself or another, and which are at the time insured against loss or damage by fire, shall be punished by imprisonment in the State prison for not more than twenty years."

In order to establish its charge the Commonwealth was bound to prove (1) that the defendant made the attempt to

burn the property described, (2) that that property was insured, and (3) that the defendant had an intent to injure the insurer. The assignment of error based on the refusal to grant a motion for a directed verdict raises the question whether there was sufficient evidence to warrant a finding of these three facts to the requisite degree of certainty. It is undisputed that there were two different fires in the premises, occupied by the defendant as lessee for a meat market and provision store, where was the described property. The main point is whether it rightly could have been found that these fires were set by the defendant.

There was evidence tending to show that the defendant, having the only key to the store, locked it and was the last to leave it, in company with his wife and brother-in-law, at about eleven o'clock on a Saturday evening; that fire was discovered in the store at about nine minutes before one o'clock on the morning of the following Sunday; and that, on the arrival of the fire department a few minutes later, all the doors were found to be locked and the store filled with dense smoke. Two separate fires were then discovered, one in the rear of the street floor of the store and one in the front of the basement, and it well might have been inferred that neither fire was caused by the other. The defendant, although not then notified by any third person of the fire, appeared at the store on Sunday, having come by automobile from his home distant several miles from the store, and said to the police officer in charge that he might go home, that he would board up the store and that the man with him was his carpenter; but the police officer, after speaking with his chief, told the defendant that he could not permit any one on the premises, whereupon the defendant left. On Sunday night the boxes and crates in the basement, at the point where that fire had been found, were left just as they were when the fire was extinguished, the trap door leading to the basement, being somewhat warped, was closed, but with difficulty, flush with the floor, and the front door was boarded up. The defendant came to the store early on the following Monday morning, removed the boards and entered the store. When two police officers arrived an hour or more later, they met the defendant

outside the store, who said to them in reply to a question that he had not been inside the store. They entered the store and found that the trap door leading to the basement was not flush with the floor, and that in the basement the boxes and crates, where the fire had been, were toppled over, and that the box or boxes, which had been burned, were some feet away behind the furnace. On Sunday afternoon the defendant notified his insurance broker of the fire, and on Monday morning had an insurance adjuster with him at the store.

Whether the fire was set by the defendant depends upon the inferences rightly to be drawn from all the evidence. It is not required that the inferences be unescapable or necessary; it is enough if they are not too remote according to the usual course of events, and if all the circumstances including inferences are of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of incendiarism beyond a reasonable doubt. *Commonwealth* v. *Doherty*, 137 Mass. 245, 247. *Commonwealth* v. *Merrick*, 255 Mass. 510, 514. *Commonwealth* v. *Desatnick*, 262 Mass. 408, 413. As was said in *Commonwealth* v. *Asherowski*, 196 Mass. 342, where numerous cases are cited, at page 348, "Doubtless there was testimony also from which the jury might have drawn inferences more favorable to the defendants; but the only question before us is whether they could find against the defendants, and we cannot consider any question of the weight of the evidence."

We are of opinion that there was evidence to justify the finding of the jury on the first essential point. *Commonwealth* v. *Sokorelis*, 254 Mass. 454.

There was some variation in the testimony as to the amount of insurance. There was evidence that statements were made by the defendant on the Monday following the fire that there were two policies on his property, each for $2,000, in insurance companies the names of which he procured over the telephone and gave to the witness, and by inference that the defendant believed the aggregate of the insurance was $4,000. The defendant testified that he learned shortly before the fire that one of the policies had

been cancelled. Ordinarily the amount of the insurance would be proved by the production of the policies. *Commonwealth* v. *Goldstein*, 114 Mass. 272, 276. *Commonwealth* v. *Smith*, 151 Mass. 491, 495. But proof of the second essential element of the crime charged was afforded by this testimony of the defendant and by the statements made by him near the time of the fire. *Commonwealth* v. *Fortier*, 258 Mass. 98, 100, 101. See *Commonwealth* v. *Slocomb*, 260 Mass. 288. The judge fairly dealt with this particular aspect of the case in a part of his charge made in consequence of his attention being expressly directed to the matter by the defendant, to which no exception was taken.

As is usual in cases of this sort, there was no direct evidence of the third element of the crime, namely, intent of the defendant to injure the insurer. Such intent may be and generally is inferred from circumstances. The salient evidence already narrated in connection with the further factors, supported by evidence, that the defendant at the time believed that his property was insured for $4,000 and that this was far in excess of the value of the property, afford adequate basis for a finding of the requisite intent. *Commonwealth* v. *Riseman*, 257 Mass. 254. *Commonwealth* v. *Slocomb, supra.*

During his closing argument the prosecuting officer made an improper statement touching his belief in the strength of the case for the Commonwealth and what might be his course of conduct in the event of an acquittal. Objection was made forthwith, and the jury were immediately instructed to disregard the statement, to give it no consideration, and to judge of the evidence according to their own convictions. Reference in substance the same was made to the general subject in the charge. In these circumstances there is no error of law affecting the merits of the trial. It must be assumed that the jury understood and acted upon the directions given by the judge. *Commonwealth* v. *Richmond*, 207 Mass. 240, 251, and cases cited. *Commonwealth* v. *Cabot*, 241 Mass. 131, 148. *Commonwealth* v. *Festo*, 251 Mass. 275, 281, 282.

There was no error in the refusal to instruct the jury to the effect that the inference of innocence must be drawn if per-

mitted by the facts. The inferences rightly to be drawn from all the evidence were for the jury as the judge correctly charged. *Commonwealth* v. *Doherty,* 137 Mass. 245, 247.

Sufficient and correct instructions were given on the subject of motive and on that of inferences to be drawn from the evidence, and the defendant's requests touching these matters were denied rightly.

Questions allowed to be put by the prosecuting officer tending to contradict his own witnesses or in the nature of cross-examination present no reversible error. *Commonwealth* v. *Devaney,* 182 Mass. 33, 35. *Commonwealth* v. *Festo,* 251 Mass. 275, 278, 279.

Numerous assignments of error relate to questions put by the prosecuting officer, answers to which were either harmless, or favorable, to the defendant. Manifestly no one of these assignments requires discussion or affords ground for reversal.

There was no error in the allowance of inquiries to the police officer why he did not disturb the boxes in the cellar, or to the adjuster why he did not complete the inventory of the property in the store, or in the allowance or exclusion of other inquiries touching subsidiary matters. These involve no novel principle of law. Most of them rested in judicial discretion. They need not be discussed. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 386.

Manifestly evidence of breaking and entering in the block where was the store of the defendant, at another time, was incompetent. It was irrelevant to any issue including that whether someone other than the defendant might have set the fire. So also evidence of the cost of the store fixtures when new some months before the fire. The judge rightly ruled that the only pertinent evidence was as to the value of the property at the time of the fire.

Exclusion of evidence concerning money upon the person of the defendant at the time of his arrest as being the receipts of the trade at the store on the preceding Saturday likewise was not error.

The remaining assignments of error in various forms relate to the refusal to admit evidence argued to have a tendency

to show financial responsibility on the part of the defendant and thus to indicate lack of motive to try to set his property on fire in order to injure the insurance companies. It was held in *Commonwealth* v. *Richmond*, 207 Mass. 240, 243, 244, that evidence was admissible to the effect that one alleged to have been murdered had considerable money about his person, and that the defendant was in straightened circumstances before, and had a roll of bills after, the homicide. In *Commonwealth* v. *Haddad*, 250 Mass. 391, 397, it was said: "Evidence tending to show his financial embarrassment, or that he was in need of money, was competent. 'Where the intent of one charged with crime is to be proved, a wider range of evidence is allowed than in support of other issues.' *Commonwealth* v. *Dow*, 217 Mass. 473, 480. Such evidence was, therefore, competent on the indictment charging the defendant with burning property with intent to injure the insurer." *Commonwealth* v. *Jeffries*, 7 Allen, 548, 565, 566, 567. *Commonwealth* v. *Tucker*, 189 Mass. 457, 466.

Conversely we think it must follow that where the issue is the intent of a defendant to injure an insurance company by setting a fire for the purpose of collecting unlawfully the indemnity secured by a policy of insurance, there is probative force in evidence showing that the defendant was in good financial circumstances and not in need of money. Proof of such facts might have a tendency to eliminate the temptation to convert insurance into cash by foul means in order to relieve monetary harassment. In *Regina* v. *Grant*, 4 F. & F. 322, the defendant was charged in the indictment with burning her own property in order to obtain the insurance. Evidence tending to show that the defendant had a comfortable income, had a balance with the bankers, paid her bills and was never in want of money was held admissible. The ground was that in view of the contention that the defendant's motive might have been to realize money by collection of the insurance, it was material to show in defence that financial resources of the defendant were such as not to raise any inducement to that end. There may be some limitations to this general statement. See *Knopke* v. *Germantown Farmers' Mutual Ins. Co.* 99 Wis. 289. The question is not

as to the weight of such evidence, but as to its competency. It well may be found in certain circumstances that one in easy financial condition might still set a fire to defraud an insurance company.

Plainly most of the offers of proof of the defendant, however, did not come within any proper limits.· The financial resources of the defendant must be shown by direct evidence; they are not proved by general reputation or by abstract assertions that his business was good or even has been profitable for a brief period.   All offers of proof of this nature were excluded rightly.   On this ground also evidence as to the amount of the business done per week and in comparison with other weeks was not improperly excluded.   One doing business of magnitude may still be in straightened circumstances. Appearance of prosperity is often deceitful and is quite consistent with financial distress or impending bankruptcy. No one of the offers of the defendant was directed to the general question of the defendant's financial responsibility.

An expert accountant who had examined the books of the market of the defendant was asked as to the result of his investigation.   It was apparent from the attendant colloquy that his knowledge was based wholly upon cost prices of fixtures and all other property as shown by bills, and that therefore he was unable to give any definite information as to the actual financial standing of the defendant at the time of the fire.   His information related entirely to the condition of the business carried on at the store as shown by the books and the value of the property there at the time of the fire founded upon cost and not upon its actual value at that time. It appears from other testimony that much of this value rested upon fixtures bought new several months before the fire.   Their cost without allowance for depreciation cannot be said to gauge the defendant's assets.   The judge allowed all evidence offered from persons competent to express an opinion as to the value of this property at the time of the fire.   There was no offer to show assets of the defendant outside the store itself.   The same is to be said as to the general offer to show from the defendant himself what he paid for the various items of property in the store by refer-

ence to the original bills and to his checks and the details of his financial operations at the store. None of this tended to show the financial resources of the defendant. Testimony of the defendant as to the value of the property in the store was admitted. No question was excluded tending to show property owned by the defendant outside that in the store, which he was charged with attempting to burn in order to injure the insurer. No offer of proof was made tending to show that the defendant had any estate or property outside the store. It follows that these questions and offers of proof were excluded rightly.

All the exceptions included in the assignments of error have been considered. We are of opinion that there was no error of law committed by the trial judge with respect to any of the errors assigned.

*Judgment affirmed.*